(Decided June 3rd 1864.)

CUMBERLAND COAL AND IRON COMPANY *vs.* HOFFMAN STEAM COAL COMPANY OF ALLEGANY COUNTY.

ATTACHMENT: CODE, ART. 10, SEC. 4, CONSTRUCTION OF: EVIDENCE.—The plain import of the language of the Code, Art. 10, sec. 4, is that the creditor applying for a warrant for an Attachment, shall produce not only the par-

ticular obligation by which the debtor is bound, but also such evidence as is necessary to show, at least, a *prima facie* right on the part of the creditor to enforce its performance.

The creditor is bound to show his own right of action, as well as the liability of the debtor, in all cases where the creditor's right does not appear on the face of the obligation sought to be enforced.

———: ———: ———: ASSIGNMENT OF CAUSE OF ACTION TO BE AVERRED AND PROVED.—Where the cause of action produced on the part of the plaintiff, was a contract to which the plaintiff was not a party, and although the contract fixed the liability of the defendant, it did not appear that the plaintiff had acquired any interest in or right of action upon it,—the plaintiff, even if entitled to the benefit of the contract, could not at common law, maintain an action in its own name, as plaintiff, nor could it do so now under the Statute law of this State, without averring in the declaration an assignment in writing of the contract, and showing that fact at the trial.

APPEAL from the Circuit Court for Allegany County:

*Attachment on warrant*, issued on the 22nd day of October 1862, at the instance of the appellee, against the appellant. The appeal is from an order overruling a motion to quash the attachment, made by the appellant, on the ground of the insufficiency of the alleged cause of action produced before the Justice of the peace by whom the warrant was issued. The facts of the case are sufficiently stated in the opinion of this Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*G. W. Dobbin* and *G. A. Thruston*, for the appellant.

The reasons assigned by the appellant, for the quashing of the attachment, amount in fact to this: that no evidence was produced before the Justice who issued the warrant, authorizing the attachment, to show any ownership or interest in the agreement, the cause of action produced on the part of the appellee, who instituted the suit; nor has any such paper or assignment been filed either in the attachment cause, or in the accompanying

action of debt instituted therewith; nor does any such appear in the record. Consequently the said justice had no jurisdiction of the cause, nor right under our attachment laws to authorize or require the issuing of such writ.

The attachment system, giving a summary remedy, and often operating most onerously on the rights of absent parties, like all similar remedies, must be carefully and strictly pursued; and a party seeking to avail himself of it, must not only bring himself fully within its provisions, as to the evidence of his claim produced before the Justice, but must also be careful that all the proceedings come clearly up to its requirements. *Shivers vs. Wilson,* 5 *H. & J.,* 130. *Weaver vs. Balizell & Davidson,* 6 *G. & J.,* 335. *Brown vs. Somerville,* 8 *Md. Rep.,* 444, 460 and 461.

The right of the Court to quash an attachment irregularly issued, is established by the provisions of Art. 10 of the Code of Public General Laws, as is the right of appeal from its decision thereupon, which is expressly given by sec. 22. But this was clearly decided in the case last referred to, and by the case of *Bruce & Fisher vs. Cook,* 15 *Md. Rep.,* 345, and *Gover vs. Barnes,* 15 *Md. Rep.,* 576.

A plaintiff in attachment must produce before the magistrate on whom he calls for a warrant authorizing an attachment, in order to give such magistrate jurisdiction of the case, and the right to issue his warrant, such evidence of his right or demand as would be sufficient of itself when proven as made, to authorize a judgment therefor against the party charged; not all the evidence which may exist, but sufficient evidence to warrant a judgment in his favor on the same cause of action upon which the suit is based. Mere possession of the agreement was not sufficient, the statute requiring an assignment in writing, in order to empower the plaintiff to sue

63      v. 22

in its own name, and to justify any recovery under it, proof of its ownership being requisite.

"Where a special limited jurisdiction, distinct from and not embraced by its general jurisdiction, is conferred by Act of Assembly upon any tribunal, its power to act as it has done, must appear upon the face of its proceedings." *Boarman vs. Israel & Patterson,* 1 *Gill,* 372.

The Justice must have some evidence of the right of the party to sue on the cause of action produced; and where such evidence consists of a written assignment, it must be produced and annexed, or its existence asserted, and its absence satisfactorily accounted for, in a legal manner; otherwise the proceedings are *coram non. Dawson vs. Brown,* 12 *G. & J.,* 53–59. *Lee et al. vs. Tynges,* 7 *Md. Rep.,* 215, 229. *Smith vs. Greenleaf,* 4 *H. & McH.,* 291.

*Thomas J. McKaig,* for the appellees.

The plaintiff in the attachment presented before the Justice their account and an agreement. The account with the affidavit was alone sufficient; the agreement was only *part* of the evidence by which at the trial the attachment was to be sustained.

A motion to quash is like a demurrer; it admits the truth of the account. If the account be true,—and the affidavit says it is,—it complies strictly and literally with the requirements of our attachment laws; otherwise no attachment could be issued on an account.

Whether the attachment could be sustained by evidence to be produced at the trial, could not be tried on a motion to quash. It was not necessary to produce that evidence before the Justice.

COCHRAN, J., delivered the opinion of this Court.

This is an appeal from an order, overruling a motion to quash an attachment, made by the appellant, on the

ground that no sufficient cause of action was produced before the magistrate who issued the warrant.

We find by examining the proceedings, that the claim is for the sum of $47,000, which the appellee's account states to be due and owing on a contract thereto annexed, executed by the appellant to Allen M. Sherman, and William B. Dean, in April 1856. The objection on which the appellant founded the motion to quash, raises the question whether it was necessary to show in the statement of the cause of action, an assignment of the contract, to entitle the appellee to the issue of the warrant. The provision of the Code, Art. 10, sec. 4, requires the creditor, or some other person on his behalf, to make oath before the warrant is issued, that the debtor is *bona fide* indebted to the creditor in the sum claimed, over and above all discounts, and at the same time to produce the bond, account or other evidences of the debt by which the debtor is so indebted. The plain import of this language is that the creditor shall produce not only the particular obligation by which the debtor is bound, but also such evidence as is necessary to show at least, a *prima facie* right on the part of the creditor to enforce its performance. As we understand it, the creditor is bound to show his own right of action as well as the liability of the debtor, in all cases where the creditor's right does not appear on the face of the obligation sought to be enforced. The question raised here was discussed in the case of *Dawson vs. Brown*, 12 *G. & J.*, 53, where it was held, that the clause of the Act of 1795, ch. 56, re-enacted in the provision of the Code referred to, did not require "the production of the testimony, *qua* testimony by which the creditor's claim is to be established, but the production of his cause of action, the account, bill, bond, note or instrument of writing, on which a declaration would be framed as his cause of action, being in the language of the Act of Assembly that

by which the debtor is so indebted.'' The cause of action produced here is a contract to which the appellee is not a party, and although it fixes a liability on the appellant, yet there is nothing from which we can find that the appellee had acquired any interest in or right of action upon it. The appellee, even if entitled to the benefit of the contract, could not at Common Law maintain an action in its own name as plaintiff, nor could it do so now, under our Statute, without averring an assignment of the contract in the declaration, and showing that fact at the trial. The affidavit that the appellant was indebted to the appellee in the sum claimed, appears in proper form, but that was not all that was required; for as we have seen, the evidence by which the appellant was *so* indebted—that is, indebted to the appellee as set forth in the affidavit, was also to be produced. If in point of fact, the appellee had a written assignment of the contract by which the appellant's liability could be shown, then it should have been produced, and if there was no such assignment, the appellee had no legal cause of action. We think the Court erred in overruling the motion of the appellant, and shall therefore reverse the judgment, and quash the attachment.

*Judgment reversed and Attachment quashed.*

(Decided June 3rd 1864.)