MICHAEL F. KEAN, use of CHARLES RIDGELY *vs.* GEORGE DOERNER, Claimant.

*Attachment—Claimant—Construction of the Act of 1876, ch. 285.*

A claimant of rights, credits or moneys attached has the same right to come in by petition and assert and prove his claim that a claimant of a specific chattel has.

The Act of 1876, ch. 285, was passed for the exclusive benefit of claimants, and was intended to enlarge, and not restrict their rights.

The Act does not profess to be a substitute for, or to repeal, any existing law; nor is it *inconsistent* with any such existing law.

The material additional rights which the Act of 1876 gave the claimant, was the right of *immediate possession* of the goods and chattels levied on, if he chose to give the bond required, and also the right to try the question of the right of property, and the *right to damages* at the same time and in the same case. In order to avail himself of these additional rights the claimant must proceed under the Act of 1876.

But if he does not wish to do so, and prefers to wait until the return day of the writ, instead of taking the trouble to give the bond, &c., the older and slower process is open to him.

Whether the Act of 1876 applies to credits. *Quaere?*

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ROBINSON, IRVING, RITCHIE, and BRYAN, J., for the appellee, and submitted for the appellant.

*James E. Ellegood,* and *D. James Blackiston,* for the appellant.

*A. Hunter Boyd,* for the appellee.

STONE, J., delivered the opinion of the Court.

The appellant Kean had a judgment against Weyand Doerner, and upon this judgment he issued an attachment, by way of execution, and had it laid in the hands of Miltenberger, garnishee. The attachment was laid upon certain money alleged to be due from Miltenberger, the garnishee, to Weyand Doerner. George Doerner appeared in the case and filed a petition in the ordinary form, claiming that the money so attached, was due to him and not to Weyand Doerner. Issues were joined, and the case was tried before a jury, who found the money so attached to be the property of George Doerner, the claimant, and Kean has appealed.

Without going into a statement of the mode in which the questions were raised, it is enough to say that this case depends entirely upon two questions.

The first, is whether a claimant of *money* attached in the hands of a garnishee, has the right to come in by petition and claim the money, and have his right to it decided by a jury, and the second is whether the Act of 1876, chap. 285, points out the *only* mode by which a claimant can now come in, and establish his right to property attached, or whether this Act is only an additional remedy to those already existing?

As to the first of these questions, it is admitted that independent of the Act of 1876 a claimant may come in, as this one has, and claim *specific* property. But the appellant by an ingenious argument has sought to draw a distinction between *specific* property and money, and while admitting that it may be done in the one case, denies the right to do so in the other.

The right of a claimant of property to come in, and assert and prove his right to it, when it is wrongfully seized, rests upon the broad ground, that no man should

Kean *vs.* Doerner.

be deprived of his property without a hearing, if he desires to be heard. The garnishee *may*, and in practice generally does, assert for him every claim that the owner would or could assert for himself. But this does not preclude the owner himself, if he so elects, from taking control of, and managing the case, in which he, and not the garnishee, is really interested. A hostile or treacherous garnishee might deprive the claimant of property, legally and justly his, by failing to make defence at all, or by making it in a careless or indifferent manner. It would be a very inadequate compensation to allow the true owner, after his property is gone, to permit him to bring suit for damages against, perchance, an *insolvent* garnishee, or plaintiff, when he stood ready at all times to prove his rights and *prevent* the injury and wrong.

But if the claimant has the unquestionable right to come in and be heard in behalf of his *specific* chattel, why should he not be heard in behalf of his money. If he be allowed to come in and claim his horse, worth perhaps one hundred dollars, why should he not be allowed to claim his one thousand dollar debt or *deposit?* There can be no good reason why he should be *compelled* to rely upon the good faith, zeal and ability of the garnishee in the latter case, more than in the former. When the attaching creditor obtains his judgment of condemnation against the garnishee, every dollar of the garnishee's property may be swept away to pay it, and leave him a financial wreck, and the rightful creditor may lose his debt.

We are therefore of the opinion that a claimant of rights, credits, or moneys, has the same right to come in by petition, assert and prove his claim, that a claimant of a specific chattel has. The right to intervene where the intervener has only a claim on a fund has been expressly recognized in *Clarke, Dodge & Co. vs. Meixsell & Grafton, et al.,* 29 *Md.,* 221.

The second point made by the appellant is, that the only way a claimant can now come in and assert his claim,

is in the mode pointed out by the Act of 1876, chap. 285, and that the claimant in this case, not having proceeded in such mode, has no standing in Court.

The Act of 1876, chap. 285, gave the claimant some *additional rights* which he had not previously been entitled to. It was an Act passed for the exclusive benefit of claimants, and was intended to enlarge and not restrict their rights. The Act does not profess to be a substitute for, or to repeal, any existing law, nor is it *inconsistent* with any such existing law. It merely professes to add certain sections to the attachment statute law. It would be a novel rule of construction to say that an Act which gave *additional* rights, meant to take away those already existing.

The material additional rights which the Act of 1876 gave the claimant, was the right of *immediate possession* of the goods and chattels levied on, if he chose to give the bond required, and also the right to try the question of the right of property, and the *right to damages* at the same time, and in the same case. Neither of these rights were possessed by the claimant before the Act of 1876. In order to avail himself of these additional rights the claimant must proceed under the Act of 1876.

But he may not wish to do so. The character of the property levied upon or attached may be such, that no special injury may result to the claimant for want of *immediate* possession of the goods, and in such case he may prefer to wait until the return day of the writ, instead of taking the trouble to give the bond, &c. In such case the older and slower process is open to him.

Whether the Act of 1876 applies to credits we do not now decide, as it is not necessary to the determination of this case.

Finding no error in the rulings of the Court below the judgment will be affirmed.

*Judgment affirmed.*

(Decided 2nd July, 1884.)