(Decided 16th November, 1893.)

WILLIAM H. COULBOURN *vs.* BENJAMIN F. FLEMING.

*Motion to Strike out Judgment—Service of Summons—Evi- to Disprove return—Appeal—Evidence.*

On a motion to strike out a judgment by default, it was proved that neither the sheriff nor his regular deputy had summoned the defendant, but that a third person had been orally authorized

Coulbourn *vs.* Fleming.

and requested by the sheriff to make service, and that the return to the writ of "summoned," was made on the report of such third person that he had served it. This person admitted to the defendant on the day before the hearing of the motion, that he had never served the writ, giving a reason for not doing so, but on the next day testified that he had served it. The defendant testified most expressly and positively that he was never summoned. HELD :

That the sheriff's return should be quashed, and the judgment stricken out.

It is not obligatory upon one appealing from an order overruling a motion to strike out a judgment, to take a bill of exceptions; and if the motion rests on questions of fact, a transcript containing a statement of evidence, which, by written agreement filed in the cause, was admitted by counsel to have been given at the hearing of the motion, and which was approved by the Court as correct, is sufficient.

APPEAL from the Circuit Court for Kent County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, MCSHERRY, BOYD, and BRISCOE, J., for the appellant, and submitted on brief for the appellee.

*Hope H. Barroll*, for the appellant.

*Richard D. Hynson*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

On the twenty-seventh day of April, 1892, a judgment was rendered in the Circuit Court for Kent County against William H. Coulbourn in favor of Benjamin F. Fleming. At the succeeding term of the Court, on the eighteenth day of October in the same year, Coulbourn filed a motion to strike out the judgment. Coulbourn had been returned "*summoned*" in regular form, and

judgment by default had been entered for want of appearance and plea, and afterwards made final in due course.  The motion to strike out alleged that the judgment had been obtained by fraud, surprise, accident or mistake; that the defendant had no knowledge of the existence of the suit in which it was obtained; that he had never been summoned to appear; and that he did not owe the plaintiff anything.  The motion was heard orally on evidence offered in open Court.  It was proved by the sheriff and by his regular deputy, appointed and sworn, that neither of them had summoned the defendant, but that Joseph C. Rasin had been orally authorized and requested by the sheriff to make service, and that the return to the writ was made on Rasin's report that he had served it.  Rasin had never been sworn as a deputy.  The defendant testified that he was a citizen of Delaware where he had always lived; that he had never resided in the State of Maryland, except for about six weeks in the fall of eighteen hundred and ninety-one, when he was engaged in the canning business near Still Pond in Kent County; that during that time he had never been summoned by the sheriff of Kent County, nor by any one else in any cause where Fleming or any one else was plaintiff; that he does not owe Fleming a dollar, and that he has a good defence to the claim filed in this cause; that he never heard of this judgment, or of any claim of Fleming, until the first day of October, eighteen hundred and ninety-two, when a writ was served on him by the sheriff of Sussex County, Delaware; that he appeared to the suit on the meeting of the Court, and ascertained that the suit was brought on a copy of the judgment in this case.  He further testified that, on the seventeenth of October, eighteen hundred and ninety-two, he learned for the first time that it was stated that the deputy sheriff of Kent County had left the summons in this case with Joseph C. Rasin, of Still

Pond, for the purpose of being served on the defendant; that Rasin never served any summons on him, and had never said a word to him about any summons of any character; that on the same day he went to Still Pond with Mr. Barroll, his counsel; that Rasin then and there in the presence of the defendant and Mr. Barroll, stated that he had never served the writ of summons on the defendant, and gave as a reason for not doing so that he held him in too high esteem, and thought too much of him to serve the summons on him; and that Rasin repeatedly stated in the same conversation that on the word of a gentleman, he knew that he had never served the writ on the defendant, nor informed him of its existence. Rasin also gave his testimony; he admitted that the defendant's account of the conversation with him and with Mr. Barroll was correct, but said that since the conversation he had talked with Cecil C. Morgan, the deputy sheriff, and that Morgan had recalled to his recollection the fact that, when he returned the writ to him he had stated that he had served it on the defendant; that at the time of giving his testimony he distinctly recollected that he had so served it; and that the only explanation he could give of his conversation with the defendant was that at the time he did not remember that he had served the writ; but that he remembered it the next morning, which was the time he was giving his testimony in Court.

The judgment is in all respects regular in form, and must stand and be effective to all intents and purposes, unless annulled and vacated by the authority of the Court, exerted in the due and established course of proceeding. While judgments must not be interfered with except for strong and convincing reasons, yet, if sufficient cause is clearly shown, the Courts will not hesitate to set them aside. In this case it is alleged that the defendant was not summoned, and that he has been condemned without a hearing, and without an opportunity

of being heard.   If this be so, great injustice has been inflicted.   In the investigation of the question the sheriff's return must be regarded as *prima facie* true; the law receives with confidence the reports of its sworn officers made in the regular discharge of their duties. But all the circumstances under which the return was made are open to inquiry, and we find that the sheriff had no personal knowledge on the subject.   The return was made by his sworn deputy, and he had no personal knowledge on the subject.   It was made on information derived from Rasin, who had authority from the sheriff to serve the writ, but who was not acting under the sanction of an oath.   It is shown that in point of fact none of the witnesses know anything in regard to the service of the writ, except the defendant and Rasin. The testimony of the defendant is most express and positive that he never was summoned; and Rasin, in an interview with him, stated the same thing, and gave a reason for not serving the summons which he regarded as sufficiently potent to prevent him from doing so. His recollection at that time was very distinct, and it was asserted with much solemnity.   The next morning it was directly the reverse, although nothing had occurred to abate the force of the reason, which, as he alleged, had restrained him from serving the writ.   Without desiring to impeach him in any degree, we must say that the infirmity of his memory is shown by the contradictory character of his recollection, and that they neutralize and nullify each other.   The consequence is that we must accept the testimony of the defendant as giving the correct account of this matter.   We think that the sheriff's return ought to be quashed, and the judgment stricken out.   But, as we are exercising a *quasi* equitable jurisdiction, we shall make the order on such terms as will ensure substantial justice between the parties, as was done in *Heaps vs. Hoopes & Sons*, 68 *Md.,*

383.  The order of the Circuit Court will be reversed, and the cause remanded, with directions to quash the sheriff's return and strike out the judgment, provided that the defendant will, after reasonable notice, enter an appearance to the suit, so that the case may proceed to trial in the regular way.

In this case there was no bill of exceptions.  Undoubtedly the rulings of the Court on the *ore tenus* incidents of the trial below may appropriately be embodied in a bill of exceptions, and in this mode be brought before the Appellate Court for review.  In *Nesbitt vs. Dallam, 7 Gill & Johnson,* 494, this practice was adopted on the hearing of a motion to set aside a sheriff's sale.  This Court there decided that the Statute of Westminster which allowed a bill of exceptions did not restrict the privilege to trials before a jury.  In this State, however, according to a long established practice, it is not obligatory to take a bill of exceptions in summary proceedings before the Court, such as motions to quash attachments, to strike out judgments, and such like matters.  Many cases of this kind may be cited from our Reports where there was no bill of exceptions.  We may mention *Munnikhuysen vs. Dorsett,* 2 *Harris & Gill,* 374; *Green vs. Hamilton,* 16 *Md.,* 317; *Graff & Gambrill vs. Merchants and Miners' Transp. Co.,* 18 *Md.,* 364; *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130; *Montgomery vs. Murphy,* 19 *Md.,* 576; *May vs. Wolvington,* 69 *Md.,* 117; *Powhatan Steamboat Co., Garn. of Clyde vs. Potomac Steamboat Co., &c.,* 36 *Md.,* 238.  All of these cases except the last, were motions to strike out judgments.  When the motion rests on questions of fact, the evidence ought to be certified in such manner as will show the Appellate Court with certainty what proofs were submitted to the Court below.  It was said in *Lambden vs. Bowie,* 2 *Md.,* 335, that the manner of taking the proof may be regulated by consent of the parties, or directed

by the Court. In *Dumay vs. Sanchez and Gibson,* 71 *Md.,* 512, it was said that the facts may be presented by bill of exceptions, or by agreed statement of facts, or by depositions taken under the authority of the Court, and reduced to form, and authenticated, and filed in the cause. In the present case the transcript of the record contains a statement of evidence, which, by written agreement filed in the cause, counsel admit was given at the hearing of the motion to strike out the judgment;. and, if we understand the agreement, was approved by the Court as correct.

*Order reversed, and*
*cause remanded.*

(Decided 16th November, 1893.)