(Decided April 1st, 1898).

---

## THE PITTS AGRICULTURAL WORKS *vs.* DAVID P. SMELSER, Garnishee of the MD. AGRICULTURAL CO.

*Assignment for Benefit of Creditors—Fraud—Attachment on Original Process.*

After a general assignment for the benefit of its creditors was made by a corporation, the plaintiff, a creditor, issued an attachment on original process to affect the funds in the hands of the trustee, upon the ground that the assignment, although valid on its face and for the equal benefit of all the creditors, was nevertheless fraudulent

and void because designed to compel creditors to accept a compromise, and was made in pursuance of an agreement with the trustee to secure some benefit to the corporation. *Held*, upon the facts, that these allegations were not supported by the evidence and that the attachment could not be maintained.

When the question is as to the validity of an assignment for the benefit of creditors executed by a corporation, evidence as to whether a certain officer of the corporation received a salary is irrelevant and inadmissible.

Appeal from the Superior Court of Baltimore City (RITCHIE, J.) At the trial the jury were instructed that their verdict must be for the garnishee because there was no legally sufficient evidence to sustain the issue on the part of the plaintiff.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ. (March 1, 1898).

*Richard S. Culbreth*, for the appellant.

*Wm. Pinkney Whyte* and *James W. Denny*, for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This appeal involves the validity of an assignment by the Maryland Agricultural Company of Baltimore City to David P. Smelser, for the benefit of its creditors, and is similar to the case which will be found reported in this volume on page 464. The appellant being one of the creditors of the Agricultural Company instituted proceedings in the Superior Court of Baltimore City by way of attachment on original process against the appellee, upon the ground that said assignment, whilst valid on its face, was made with intent to defraud its creditors. The writ of attachment was laid in the hands of the appellee. The short note case was first tried, and resulted in a verdict and judgment for the appellant. The attachment was then tried and after the testimony on both sides had been closed, the appellant offered

two prayers which were rejected, and the prayer of the appellee was granted.    The appellee's prayer is in effect a demurrer to the evidence offered and is the converse of the appellant's prayers.    The record contains one exception, which is to the refusal of the Court to allow to be answered the question, " Was Stouffer a salaried officer ?"    This inquiry was addressed to the witness Rhoads, who promptly answered that he was.    The question and answer were both objected to, and objection sustained, and we think properly.    It has no relevancy to the issue, and is too remote and speculative, and has no connection whatever with the execution of the deed of assignment.

.It is not contended by the appellant that the Maryland Agricultural Company was not justified by the then existing circumstances in making an assignment, or that the assignment made by it, is not fair and valid on its face ; but it is contended that the assignment though fair and valid on its face, yet is in fact a device or contrivance to compel the creditors of the company to accept a compromise, and was made in pursuance of an agreement or understanding with the appellee, by which the company was to derive some advantage or benefit inconsistent with the legal rights and remedies of its creditors.    It is conceded that the deed of ·assignment was not executed to the appellee until the company found itself in a position of inability to meet its obligations, when a deed was executed by it for the benefit of all its creditors without any preference or priority.    The property of the corporation consisted of a large stock of implements and book accounts.    On the day of the execution of said deed, the appellee filed his bond with approved security, took possession of the property of the company, and thereafter applied by petition to the Circuit Court No. 2, of Baltimore City, to assume jurisdiction of the trust, and obtained the usual orders from said Court and proceeded with the due execution of his trust.    The allegations of the attachment were, 1st, that the company had assigned, disposed and concealed its property to defraud its creditors ;

and 2nd, that said company had fraudulently contracted the debt, or incurred the obligation, respecting which this action is brought. The existence of one or both of these conditions is essential to the validity of this attachment. It will not be necessary to again refer to the second allegation. There is not the slightest testimony in the record which, directly or indirectly, tends to sustain this charge or alludes to its subject-matter. Nor do we find in the record any evidence which we consider legally sufficient to maintain the first allegation. The circumstances under which the deed of assignment was executed and the manner in which the appellee came to be connected with it, certainly do not suggest in any manner improper intentions or dishonest conduct on his part. Witness Rhoads, who, testifying on behalf of the appellant, says the appellee was in Baltimore the night previous to the execution of the assignment and at his request remained over night with him ; that they talked about the assigment, but witness does not exactly recall what appellee said he would do if appointed trustee ; but to the best of his recollection, appellee said he would try to effect a settlement with the creditors, or in other words, he was hopeful of making a settlement with the creditors, that is nearer to it, and further that he did not see why it could not be made ; witness did not remember that anything was said about the accommodation paper.

After a careful examination of the record, we have failed to discover the slightest evidence which legally tends to show that the appellee ever made, or that he has sought to make any compromise, either voluntary or involuntary, with the creditors of the corporation. The president, who is now antagonistic to the appellee's administration of the trust, admits " that there was no objection to the assignment on the part of any of the directors or stockholders ; and that his real object in making the assignment was to get out of the thing as easy as he could, and he wanted the creditors to have the benefit of the property that was there." The president of .the company testifies that the appellee

promised to take care of the amount which was due from the company to him, and says he did not know out of what the appellee expected to pay him, but he admits that he then thought the assets of the company were largely in excess of its indebtedness.    Such being the case he could not have had any reasonable expectation to believe that the appellee had in his individual capacity contracted to pay him. But it is unnecessary to pursue this inquiry farther.    The proof in the case wholly fails to measure up to the requirement essential to the establishment of fraud, which is never to be presumed, but like any other fact must be established by legal proof.    In cases of this character presumption not infrequently dislodges fact and gives a strong coloring to mere shadows, that are well calculated to mislead and deceive.    The very fact that the Courts have declined to give any general definition of fraud limiting its nature and effect, except in a given case, appears to have justified to some extent the unlimited speculation and conjecture which is so often indulged in with respect to them.    The case under consideration illustrates our views and is without the slightest foundation to sustain the contention of the appellant.    The burden is on the parties who issue the attachment, and they are bound to support it when attacked (*Dumay* v. *Sanchez*, 71 Md. 511); and this, we think, they have not done.    The case of *Miller* v. *Matthews & Kirkland, Garnishees*, herein reported on page 464, involves the validity of the deed of assignment set out in this record, but upon other distinct grounds, so that it will not be necessary for us to repeat here the views respecting the questions discussed in the other case.

It follows from what we have said that we find no error in the rulings of the Court below and therefore affirm the judgment.

*Judgment affirmed with costs.*

(Decided April 1st, 1898).