CHARLES G. LANG ET AL., CO-PARTNERS, TRADING AS
C. C. LANG & SONS,

*vs.*

C. H. SHANAWOLF, TRADING AS COOKE-SHANAWOLF CO.

*Attachment—Disposing of Property—Intent to Defraud Cred-
itors—Motion to Quash—Appeal.*

On a motion to quash an attachment issued on the plaintiffs'
affidavit that they had good reason to believe that the defendant
had assigned, disposed of or concealed property with intent to
defraud his creditors, or was about to do so, the question for
decision is not whether the plaintiffs had good reason for such
belief, but whether such a fraud was in fact being committed,
this to be determined not by an inquiry as to the state and
basis of the plaintiffs' belief in the truth of the charge they
preferred, but by a consideration of the actual purpose and
effect of the defendant's conduct.                               p. 19

That defendant, upon the advice of his bank, started liqui-
dating his stock and other property, the proceeds of all sales
being paid to the bank for appropriation to the claims of his
creditors, and no part of the money being applied to his per-
sonal use, does not involve a disposition by him of his property
with intent to defraud creditors, so as to justify an attachment.
                                                                 p. 19

A motion to quash an attachment is a summary proceeding
triable before the court without the intervention of a jury, is
addressed to the court, and is determined by it solely in that
capacity.                                                        p. 20

The judgment on a motion to quash an attachment is review-
able by the Court of Appeals.                                   p. 20

The ruling on a motion to quash an attachment is reviewable
upon the evidence in the record when authenticated by the cer-
tificate of the trial judge and by agreement of the parties.  p. 20

*Decided June 18th, 1920.*

Appeal from the Superior Court of Baltimore City (BOND, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*George S. Yost* and *Irving H. Mezger,* for the appellants.

*John D. Nock,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appeal in this case is from an order sustaining a motion to quash an attachment issued, under Article 9, Section 26 of the Code, on the plaintiffs' affidavit that they had good reason to believe that the defendant had assigned, disposed of or concealed, or was about to assign, dispose of or conceal, his property or some portion thereof with intent to defraud his creditors.

It was proven at the trial on the motion that the defendant was indebted to the plaintiffs on a promissory note for $1,471.47 maturing April 20th, 1919; that, prior to the maturity a month earlier of another note for the same amount, the defendant had advertised for sale the motor trucks and automobiles used in his business of packing and selling sauerkraut and other products; that the note which first became due was paid out of the proceeds of the sale of one of the motor trucks; that the second note was not paid at maturity, and in the course of the ensuing week one of the plaintiffs made repeated efforts, without success, to find the defendant at his place of business; that he found no one there except one employee, and saw no activity about the place until the occasion of the third of his daily visits, when he observed a wagon hauling goods away; that the next morning there were three wagons engaged in that work, and on returning there with his counsel in the afternoon he found five wagons on which goods were being rapidly loaded and

removed, the information given by the men thus employed being that the goods were all to go to a broker, whom they named, and that their instructions were to move the stock as quickly as possible. In view of these developments, the attachment was immediately sued out and levied upon the portion of the stock of goods which had not yet been removed.

While the circumstances may have been sufficient to enable the plaintiffs to make in absolute good faith the affidavit which was essential to the issuance of the attachment, yet the evidence in the case conclusively proves that the defendant in fact had not disposed, and was not about to dispose, of any part of his property with intent to defraud his creditors. The undisputed proof is that because of a fall in the sauerkraut market, following the Armistice in November, 1918, the defendant was advised by his bank to start liquidating and to begin by selling his trucks; that he then had a stock of goods worth about $25,000.00, and real estate of the value of $13,500.00; that the plan was to provide for the creditors by realizing on the stock of sauerkraut, and the bank advanced money to have it canned, as it could be sold to better advantage in that form; and that the proceeds of all sales were paid to the bank for appropriation to the claims of the defendant's creditors, no part of the money being applied to his personal use.

The question for decision is not whether the plaintiffs had good reason to believe that the defendant was defrauding his creditors, but whether such a fraud was in fact being committed. The material issue raised by the motion to quash the attachment is not determined by an inquiry as to the state and basis of the plaintiffs' belief in the truth of the charge they preferred, but by a consideration of the actual purpose and effect of the defendant's conduct. *Collier* v. *Hanna,* 71 Md. 253; *Dumay* v. *Sanchez,* 71 Md. 508; *Pitts Agr. Works* v. *Smelser,* 87 Md. 493; *Palmer* v. *Hughes,* 84 Md. 652; *Johnson* v. *Stockham,* 89 Md. 358. Upon the evidence in the case we can have no doubt that the transactions which

excited the suspicions of the plaintiffs in reality involved simply a sale of a part of the defendant's property for the benefit of his creditors generally. A formal assignment for that purpose would not have afforded ground for the attachment (*Strauss* v. *Rose*, 59 Md. 525), and there is no reason to condemn as fraudulent the method actually employed to accomplish the same object. The ruling under review was, therefore, clearly correct.

A motion to dismiss the appeal was filed, but it must be overruled. The theory of the motion is that the decision of the Court below, having been rendered upon an issue of fact, is not a proper subject of appeal. It is argued that the judge before whom the motion to quash the attachment was tried should be regarded as having sat as a jury for the determination of the question of fact presented, and that his finding is therefore not reviewable. But it is well settled in this State that a motion to quash is a summary proceeding triable before the Court without the intervention of a jury. Upon an issue raised by plea a jury trial may be invoked. A motion is addressed to the Court and is determined by it solely in that capacity. *Ferrall* v. *Farnen,* 67 Md. 76; *Gittings* v. *Ockerme*, 33 Md. 458; *Union Tr. Co. of N. J.* v. *Knabe*, 122 Md. 584. There can be no doubt as to the authority of this Court to review a ruling made upon a motion to quash an attachment. In *Howard* v. *Oppenheimer*, 25 Md. 366, it was expressly held that the judgment below on such a motion was reviewable by the Court of Appeals "upon the proofs in the record," and this power has been exercised in numerous cases, including those we have cited. The evidence in the case has been authenticated by certificate of the trial judge and by agreement of the parties, and this is an approved method of verification. *Coulbourn* v. *Fleming*, 78 Md. 210.

*Judgment affirmed, with costs.*