H. L. NEUMAN COMPANY *v.* MEDFORD DUHADAWAY.

[No. 27, January Term, 1928.]

*Decided April 3rd, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Stevenson A. Williams,* with whom were *Fred R. Williams* and *H. Courtenay Jenifer* on the brief, for the appellant.

*James U. Dennis,* with whom was *J. Howard Murray* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The plaintiff in an attachment suit appeals from an order quashing the attachment on motion made by the defendant on the ground that the property seized belonged not to the defendant but to a third person not a party.

Duhadaway was a chauffeur employed by the state highway department of the State of Delaware to drive one of its trucks to Washington, carrying specimens of road material for testing. On his return through Baltimore County, Maryland, this truck collided with a truck of the appellant and having been damaged was left in a garage for repairs. The appellant then sued out a writ of attachment against the property of Duhadaway as a non-resident, for damages arising from negligence on his part, filing the declaration required as a condition to such an attachment (Code, art. 9, sec. 44), and caused the truck to be seized. In the declaration the truck is described as a truck of the State of Delaware highway department, and the schedule of property attached specifies a truck of the same license number; it is conceded in the case, indeed, that it did belong to the Dela-

ware department mentioned. Duhadaway, appearing specially for the purpose, filed his motion to quash the attachment because the truck was not his property but the property of the State of Delaware, evidence was taken, and the motion was granted as stated.

On appeal some questions of procedure are raised. It is contended that the State of Delaware should have intervened to make its claim to the property, under the provision.in the Code, article 9, section 47; and that if a motion to quash was a proper proceeding, it should have been made by the claimant, or if by the defendant, should have been made only after a general appearance to the suit, so as to submit to the jurisdiction of the court. It has been decided, however, that the statute which provided the special proceeding for intervention by a third person with a claim to property attached, did not supersede the previously existing remedies open to such a claimant, that it was merely an additional proceeding which he might adopt, and that, therefore, his claim might still be made by motion to quash. *Kean v. Doerner,* 62 Md. 475, 478; *Kilpatrick v. O'Connell,* 62 Md. 403, 410; 2 *Poe, Pl. & Pr.,* sec. 563. And it has long been settled that a defendant might make the motion upon that ground, and might make it after a special appearance, before appearing to the suit generally. In the case of *Campbell v. Morris,* 3 H. & McH. 535, 552 to 553, the decision in which "has been so recognized by this court in various decisions in more recent cases, and has become so interwoven with the attachment law and practice in this state that it can be no longer questioned as settled law" (*Howard v. Oppenheimer,* 25 Md. 350, 366), the points seem to be covered specifically. "For any apparent defect in the proceedings before the court," says the opinion in that case, "the attachment may be quashed upon suggestion of such defect to the court, either by the defendant himself, or a third person claiming an interest in the property attached. * * * Before the appearance of the defendant, which cannot be but upon giving bail, which will be a dissolution of the

attachment, no evidence is admissible which relates to the merits of the dispute between the parties; but the attachment being a summary proceeding, and not changing its nature until there is an appearance with bail, every fact is cognizable by the court which will show the attachment issued irregularly, or to show the property attached does not belong to the defendant; and evidence *dehors* or extrinsic the proceedings may be resorted to." *Campbell v. Morris, supra; Stewart v. Katz,* 30 Md. 334, 347; 2 *Poe, Pl. & Pr.,* secs. 536, 537, and 554.

Arguments have been presented on a question whether the State of Delaware or its highway department could be sued. Compare *State v. Rich,* 126 Md. 643. The effect of a provision in the constitution of that state (Delaware Bill of Rights, art. I, sec. 9), that "suits may be brought against the state, according to such regulations as shall be made by law," has been studied and argued especially. It is questioned whether under this provision the state could be held liable to suit until the regulations made by law have been promulgated and are shown to provide for the suit. But the State of Delaware has not in fact been sued, and we do not see that the question argued arises in this case. The only defendant is Duhadaway. It could not be the office of the attachment in the suit against him to compel the State of Delaware to appear and submit to the jurisdiction of the court on the merits, for the state is not a party to the suit on the merits, and could not appear as such. Appearance as a claimant to the property would not have the effect of subjecting the state to the jusisdiction for any purpose beyond that of determining rights in the property. The case is merely one of seizure under the attachment of property of a stranger to the suit, and the trial court could not, in our opinion, have done otherwise than quash the attachment.

*Order affirmed, with costs to the appellee.*