## CURTIS MORGAN ET AL. *v.* JAMES W. TOOT

[No. 11, January Term, 1944.]

602

*Decided February 2, 1944.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, and BAILEY, JJ.

*J. Wilmar Cronin* for the appallants.

*G. Howlett Cobourn* for the appellee.

MARBURY, J., delivered the opinion of the Court.

The appellants, creditors of the appellee, each issued absconding debtor attachments in the Circuit Court for Harford County, and had attached a trailer alleged to belong to him. The first case, that of Curtis Morgan, was filed on April 28, 1943, and the trailer was attached April 29, 1943. The second case, that of Grimes M. Holcomb, was filed on May 7, 1943, and the trailer was attached on May 8, 1943. The cases were thereafter heard together. A claim of property on behalf of John Toot, brother of the appellee, was filed on May 28, 1943, and on the same day dismissed. On June 21, 1943, a claim of property on behalf of Paul C. Benner was filed. This was heard before the court without a jury on July 14, 1943, testimony was taken, and a verdict found in favor of the appellants in each case, and judgments on these verdicts were made absolute on July 17, 1943. On September 1, 1943, after a motion for judgment of condemnation *nisi* had been filed, the appellee filed his motion to quash the attachments on the grounds that the trailer was not at the time of the attachment his property, that before and on the 29th day of April, 1943, it was the property of John Toot, and for further reasons to be shown at the hearing. On the same day the court heard this motion, and after testimony was taken, the attachment against the trailer was quashed. On the same day an appeal here was taken from that ruling. On September 13, 1943, the court passed an order extending the time for filing bills of exceptions until thirty days from September 11. On October 6 another order of court was filed extending the time for thirty days from that date. No further order was passed during the period of this last extension, but on November 8, 1943, an order was passed extending the time for filing the bills of exceptions for ten days from November 6. This order was filed with the notation that it was over the protest of counsel for the appellee. On November 12 the bill of exceptions was filed. The bill of exceptions shows that it was approved by the court on November

10, and it also bears the signature of approval of the attorney for the appellee as well as of the attorney for the appellant. There is a stipulation of counsel filed which shows that the abstract of testimony was mailed to the appellee's counsel on October 21, that the stenographer's transcript was received by counsel for appellee on October 25, that on October 29 the appellant's attorney inquired by letter if the abstract could be approved on November 1. He received no reply, and after some futile telephoning by both counsels on November 5, they finally reached each other late in the afternoon of that day, and the appellants' attorney was then advised that the bill of exceptions had been approved by appellee's attorney. He immediately mailed an order for a ten-day extension to the court, which was received and signed on November 6. On November 8 a new term of court in Harford County began. On November 12, as above stated, the bill of exceptions was filed with the clerk although it seems to have been approved on November 10. Appellee made a motion here to dismiss the appeal because the bill of exceptions was not signed within the term of court at which the motion to quash was heard, nor signed within the time allowed by the order of court dated October 6, which time expired on November 5.

There is in the record no rule of the Circuit Court for Harford County with respect to the time for filing bills of exceptions, and the appellant in his brief states that there is no such rule. Under these circumstances it is well settled that the bill of exceptions must be filed within the term, unless, within the term, the court extends the time. If the time is extended more than once, the order for each additional extension must be signed before the prior extension has expired. This has been frequently held by this court. One of the latest cases is *Nicholson v. Walters*, 153 Md. 16, 137 A. 357, where the court, speaking through Judge Urner, stated the rule and cited earlier cases.

However, bills of exceptions may be signed after the term has expired, if the parties consent, and this con-

sent may be expressed or it may be inferred from the actions of the parties. They may be held to have waived any objection they had, or to be estopped by their conduct from making any. This was recently discussed in the case of *Pennsylvania R. Co. v. Reeley,* 179 Md. 35 (page 44), 16 A. 2d 904 (page 908). In the case before us it appears that the appellee did object to the extension of time, although he had already approved the abstract. After that extension, the court signed the bill of exceptions without any objection so far as is shown by the record. On the contrary the written approval of the attorney for the appellee is attached to it. The appellee was not represented at the argument in this case and filed no brief, and in the absence of any explanation as to why he allowed his approval of the bill of exceptions to stand after the court had extended the time, and why he did not object to the signing of the bill of exceptions, we are of the opinion that he is now estopped from raising the objection by motion to dismiss in this court. The motion to dismiss, therefore, will be denied.

The court below, in his opinion, which appears in the record reached the conclusion that where the defendant filed a motion to quash for matters not apparent on the face of the record, such as whether title to the property attached was in someone other than the defendant, the burden of establishing the fact that the defendant owned the property rested upon the plaintiff in the attachment case. Following that view of the law the lower court further held that the question for decision before it was not who owned the property, but whether James W. Toot owned it. The record shows that James W. Toot did own it at one time, but he claimed that on April 22, 1943, he transferred it to his brother, John Toot, in Harrisburg, Pennsylvania, and then as salesman for his brother, he sold the trailer to Paul C. Benner, and received a check dated April 27, 1943, for $1,000 from Mr. Benner made payable to him, and that he deposited this check on April 28, 1943, and got the money on it a day

606

or two later. The court found that the title to the property was in someone other than the appellee, either John Toot or Benner, and therefore quashed the attachments.

The practice prior to the enactment in 1876 of what is now codified as Section 47 of Article 9 of the Code of Public General Laws (1939) was for a claimant to personal property to intervene by petition in the attachment case. He was then made a defendant. His case was tried with the attachment case, and it followed as a matter of course that the burden of proof was on the attaching creditor. *Gilpin v. Somerville*, 163 Md. 40, 161 A. 272. The old method, as was held in the last mentioned case, is still available, but a claimant has now the additional method provided by Article 9, Section 47. The advantages of this are discussed by Judge Stone, speaking for this court, in the early case of *Kean v. Doerner*, 62 Md. 475. If the newer and more speedy practice is adopted, then the claimant becomes the plaintiff, and when the case is heard, the burden of proof is on him, not to show that the property does not belong to the original defendant, which would be requiring proof of a negative, but to show affirmatively that the title to the property is in him, the claimant. *Lemp Brewing Company v. Mantz*, 120 Md. 176 87 A. 814; *Guyer v. Snyder*, 133 Md. 19, 104 A. 116.

We have here, however, not a claimant's case at all, but a motion to quash made by the original defendant on the ground that the title to the property is in a specified person other than himself. This method of procedure to determine the title to property attached can be adopted either by the party who claims it or the defendant. *Campbell v. Morris*, 3 H. & McH. 535; *Howard v. Oppenheimer*, 25 Md. 350; *Neuman Company v. Duhadaway*, 154 Md. 595, 141 A. 342. The question of the burden of proof on such a motion to quash has not been specifically before this court. It seems, however, that, as the whole case is not tried on the motion to quash, and as this is a summary method provided for an early disposition of this one point, the burden of

proof should be on the party making the motion to show that the title is in the party in whom it is alleged to be. Here, just as in the claimant's proceeding provided by Section 47 of Article 9, a special remedy can be used in advance of the trial of the whole case. The burden should be on the party who prefers to use that remedy just as the burden is on him, if he chooses the other special remedy provided by Section 47.

In the case of *Johnson v. Stockham*, 89 Md. 368, 43 A. 943, 945, attachments had been issued on the ground that the debtors were about to dispose of their property with intent to defraud their creditors. One of these attachments was in Baltimore City and the other in Harford County. The defendants moved to quash in Baltimore on the ground that they had not concealed their property with intent to defraud their creditors. This motion was granted. The same motion was filed in Harford County with the additional recital that the question had already been determined in Baltimore and, therefore, was *res adjudicata*. It was on this last question that the case in this court was determined, but in the opinion it was also stated that the lower court had erred in ruling that the defendants who made the motion were entitled to open and close the case. Judge McSherry, who wrote the opinion of the court, disposed of this question in one sentence: "The plaintiff, having the affirmative of the issue of fact to maintain, was entitled to open and close the case." See also *Barr v. Perry*, 3 Gill 313; *Dumay v. Sanchez*, 71 Md. 508, 18 A. 890; and *Pitts Ag'l Works v. Smelser*, 87 Md. 493, 40 A. 56.

The question in these cases was essentially different from the one in the case before us. There was involved one of the necessary jurisdictional averments which the plaintiffs were bound to prove. The defendants in their motion to quash simply took advantage of their right to have such question disposed of in a summary way, and their motion was in effect a traverse of a fact which the plaintiffs were obliged to prove in order to maintain their case. The defendants could not be required to

prove a negative fact, and the burden was on the plaintiffs to prove affirmatively the fact which was the necessary part of their case.

In the case before us the question is not whether the title of the property is in James W. Toot. This is part of the plaintiffs' case when the trial occurs, and the burden will be on them to prove it. The question here is whether the title of the property is in John Toot. This is affirmatively alleged by the appellee in his motion and the burden is on him to prove it. Any other ruling would require the appellants to prove a negative.

A motion to quash is a summary remedy provided to enable an interested party to have quickly determined some issue of law or fact which he thinks will dispose of the case. It is not intended to enable such party thereby to put an additional burden upon the attaching creditor by requiring the latter to prove something he did not allege. Where the ground of the motion is merely a denial of one of the necessary allegations which the attaching creditor has to make, the burden of proof remains on the party making the allegation, in such case, the plaintiff. Where, however, the ground of the motion is some new matter, such as the holding of title to the property attached by some one other than the defendants, then the burden of proof is on the party making the new allegation.

The motion to quash in this case alleges that the trailer was not the property of the appellee, and was the property of John Toot. Testimony as to the ownership of John Toot is entirely that of the appellee, is not supported by any corroborating evidence, and is based upon some supposed cash transaction between two brothers, which, if it occurred at all, was so obviously for the purpose of evading creditors that it is not entitled to any serious consideration as a transfer of title. The court below came to the conclusion that the transaction afterwards made by Benner with the appellee was *bona fide*. Benner had already had his day in court. He had filed a claimant's petition on which testimony was

taken and on which a verdict and judgment had been rendered against him. His claim to the trailer, therefore, had been adjudicated in this case and could not thereafter be raised by him in another form. Nor could the appellee make his claim for him, after he had failed to establish it for himself. In the case of *Rody v. Doyle,* 181 Md. 195, 29 A. 2d 290, we held that a party to a case could not dispute the final conclusion of a court, on account of the claim of another party who was a witness, and who did not make any claim of her own. The case here is much stronger. Benner has been heard in the case as a party allowed to intervene under the statute. The court has decided against him. Now in another phase of the case between the original parties, the court attempts to reverse that decision and to hold, for the benefit of the appellee, that the title to the property is in Benner. And this is done not on a claim by Benner, or on a motion by Benner on which he would have the burden of proving his case. It is not even on a motion of the appellee, because he does not claim that the title is in Benner. He claims it is in John Toot. In effect, what the court has done is to compel the appellants to assume the burden of proving that the title is not in Benner, although that question is not in issue. He has then decided that they have not sustained the burden of proving that the title was in him.

The whole difficulty in this case arises from the erroneous assumption by the court that on this motion to quash, the burden is on the attaching creditors to show title in the defendant. If we place the burden where it properly belongs, on the appellee, then we have no question before the court but that raised in the motion. The only question raised in the motion was the title of John Toot, and this was not proved. The title of Benner was not mentioned in the motion. It could not have been made the ground for such a motion after Benner's rights had already been determined in his claimant's case, and testimony as to it should not have been admitted. It is *res judicata* as to all the parties in this case.

An examination of the record shows that the first attachment is based upon an open account, namely, that of Curtis Morgan, and is composed of two items. These are:

Dec. 1, 1942—Account rendered for balance due
C. C. Morgan............................ $ 75.17
Oct. 31, 1942—Account rendered for Sinclair Refining Co. assigned by Sinclair Refining Co. ................................. 183.02

Total............................ $258.19

The account filed as a voucher with the affidavit is the basis for the jurisdiction of the court, and if it is not sufficient, the attachment must fail. The first item of the Morgan account falls within the condemnation of the case of *Thillman v. Shadrick*, 69 Md. 528, 16 A. 138. That case was not an attachment case, but it stated and applied earlier attachment rulings to a statutory judgment case in Baltimore City. The second item is not only of the same nature as the first, but it is also for an account owed to another company and assigned to the plaintiff. No assignment is filed. This alone makes it insufficient. *Cumberland C. & I. Co. v. Hoffman Steam Coal Co.*, 22 Md. 495.

The account filed as a voucher in the Holcomb case is as follows:

For parts and materials furnished and installed on several trucks of debtor at sundry times ........................... $1,181.25
For labor furnished on several trucks of debtor at sundry times................. 348.26

$1,530.41
By payment ........................... 380.00

$1,150.41

The first item of this account is in the form condemned by the case of *Cox v. Waters*, 34 Md. 460, where it was

held that when the indebtedness is for goods sold, the account produced should state items and details, and that stating merely the aggregate amount of the debt would not be a substantial compliance with the code. The second item is of the same nature, and is likewise insufficient under the statute.

The right to an attachment is statutory and depends upon a compliance with the statute. The Code, 1939, Article 9, Section 4, provides that no attachment shall issue unless at the time of making the affidavit therein provided for, the creditor shall produce the bond, account or other evidences of debt by which the said debtor is so intebted. If the accounts produced are not sufficient under the decisions construing this statute, and do not fairly give the defendant an opprtunity to determine what is the claim against him, the attachment will be quashed on motion. It is true that by Section 28 of Article 9 amendments are permitted to the voucher, and the purpose of permitting such amendment is stated in that section to be "so that all attachment cases may be tried on their real merits and the purposes of justice subserved." In the case before us no motion has been made to quash on the grounds of the insufficient vouchers, and the court below did not pass on this question. In compliance with the spirit of the statute and also in compliance with Rule 4 of this court codified as Section 10 of Article 5, we will not now pass upon the sufficiency of the accounts. Appropriate amendments, however, should be made before any judgments of final condemnation are entered.

For the reasons above stated the order of the lower court quashing the writs in the two cases will be reversed.

> *Order reversed and case remanded for further proceedings, with costs to the appellants.*

BAILEY, J., concurs in result.