### BENJAMIN V. PAGE *et al.*

### *v.*

### ROBERT W. WALLACE.

JUDGMENT BY CONFESSION — *terms upon opening and allowing defense.* Where a judgment by confession, under a warrant of attorney, is opened, and the defendant allowed to plead a defense, the court has no right to require the defendant to bring into court the sum supposed to be due, as a condition to opening the case. The judgment may be allowed to stand, as a security for the creditor, till after the trial of the issues tendered on the defense.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On the 21st day of December, 1876, the defendant in error, Robert W. Wallace, caused a judgment to be entered, by confession, in the Superior Court of Cook county, before the clerk, in vacation, against Benjamin V. Page, William Sprague and Henry H. Honore, for the sum of $7855, upon a promissory note, dated November 27, 1875, signed individually by said Page, Sprague and Honore, promising to pay to their own order $7760, with ten per cent per annum interest, by them indorsed to John S. Wallace, and by him indorsed to defendant in error. Attached to the note was the usual power of attorney to confess judgment, in which was included $50 attorneys' fees. On the 30th day of December 1876, the defendants Page and Sprague, now plaintiffs in error, moved the said court to set aside the judgment, and for leave to plead to the declaration, for reasons that the judgment was entered for more than the amount due upon the note, and that there was usury in the loan of money for which the note was given, of which the plaintiff had notice. The motion was continued until Jan. 23, 1877.

Affidavits on the part of Page and Sprague, submitted on the motion, tended to show that the note upon which the judgment was entered up was given in renewal of a series of others, the first of which was given on the 14th day of April, 1871, by Honore, payable to his own order, indorsed by him and guaranteed by Page and Sprague, upon a loan of money, $7500, by Wallace to Honore, the note being for that amount, payable five months after date, with eight per cent per annum interest; that Wallace deducted two per cent per month from the face of the note for interest, Honore only receiving the balance of $6975, and that upon the subsequent renewals a large amount of usurious interest was paid. The statements as to usury were upon information and belief, the affiants not appearing to have any personal knowledge upon the subject, and no affidavit of Honore being offered.

There were affidavits on the part of plaintiff below in denial of the usury, and going to show that he purchased the note before maturity and without notice of the alleged usury. The court below then ordered that the defendants make a calculation of the amount due, by taking as a principal the amount alleged by them to have been originally loaned on April 14, 1871, and calculate thereon interest at six per cent, deducting payments made, etc.; upon which basis of calculation defendants found $877.99 to be the balance due, and made affidavit thereto, resting to quite an extent upon information and belief. Thereupon, plaintiff claimed there had not been the amount of payments received as charged in defendants' affidavit, and the court ordered that plaintiff make a calculation of the amount due, upon the basis above named, allowing credit only for the payments as shown to have been received by the affidavits on the part of the plaintiff. The calculation thus made showed the amount due to be $2247.36. Thereupon, on January 23, 1877, the court made an order staying the execution and granting leave to the defendants Page and Sprague to plead to the plaintiff's declaration, upon the defendants paying into court, for plaintiff's use, the sum of $2247.36, with interest thereon from December 30, 1876, within ten days from the date of the order. The defendants thereupon sued out this writ of error.

Messrs. LEAKE & VOLKE, for the plaintiffs in error.

Messrs. SMALL & MOORE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The court below appears to have been satisfied from the affidavits (although upon information and belief, as to the usury) that the defendants, upon some terms, should be let in to make that defense. The question presented on the record is, whether the order made by the court below, prescribing the terms upon which the defendants should be admitted to plead such defense, is in accordance with the law and practice in this State.

The order made must have been upon the theory that this was an application to the equitable jurisdiction of the court, and the court would compel the party applying to do what was equitable—to pay the money that had been really advanced, with legal interest. Even under such rule we regard the terms imposed as too rigorous in accepting the plaintiff's rather than the defendant's statement of the amount due, and requiring it to be paid within ten days. We think no further condition should have been required in this respect, than consent to submit to the rendition of a judgment for the amount actually loaned, with legal interest, as the same should be found to be due upon trial at law in due course.

But we are inclined to hold that, agreeably to the practice which has been recognized by this court, no terms of the kind should have been imposed.

Such equitable terms were imposed in the case of *Hindle* v. *O'Brien*, 1 Taunt. 413, in the Court of Common Pleas, decided in 1809, where there was a motion to set aside a judgment which had been entered upon a warrant of attorney, to enable the defendant to come in and plead usury. It was there said by CHAMBRE, J.: "But this is an application to the equitable jurisdiction of the court, and the court will compel the party applying to do what is equitable; which is, to pay the money that has been really advanced, with legal interest." In *Roberts* v. *Goff*, (4 Barn. & Ald. 92, 6 Eng. C. L. 403,) before the Court of King's Bench, in 1820, a case of a like application, it was insisted by counsel that the judgment could not be set aside but upon the terms of the party paying the money actually advanced, with legal interest, citing the case of *Hindle* v. *O'Brien*.

But it was there said, by BAYLEY, J.: "We can not impose such terms. The instrument is void. It is not good at law. The construction and practice of this court has always been different; and I have reason to know that some of the learned persons who argued that case in the Common Pleas, were not, at the time, at all satisfied with the decision." It appears to be

the practice in the English Court of Exchequer, as stated by Chancellor KENT, in *Fanning* v. *Dunham,* 5 Johns. Ch. 122, not to exercise the power at all to set aside judgments in such cases.

In *Fleming* v. *Jenks,* 22 Ill. 475, this court recognized the fact to be that, in some of the American courts, the application to set aside judgments thus entered, for such cause, had been uniformly refused, and the party turned over to the court of chancery.

In that case the court below had overruled a motion to set aside a judgment, entered by confession, under a warrant of attorney, because usury entered into the consideration of the judgment. This court reversed the order of the court below, and remanded the case, with directions to allow the defendant to plead to the merits. Although the question there presented was only upon the refusal to exercise the power to set aside the judgment at all, yet this matter of the imposition of equitable terms in its exercise was quite fully considered, and the tenor of the decision is to the effect, that there should be the exercise of no further equitable power in such regard than to allow the judgment to stand for the security of the creditor till after the trial of the question of usury. And, as the case was remanded with directions to allow the defendant to plead to the merits, without prescribing any such equitable terms to be complied with by the defendant as the court below required here, we regard it to be the fair inference, from that decision, that there should be no such terms, and that we but follow that decision in so holding.

As to the objection that the judgment could not be set aside at the subsequent January term, that is disposed of adversely to defendant in error in the case of *Hibbard* v. *Mueller,* 86 Ill. 256.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*