WILLIAM A. HEAPS *vs.* ALBERT HOOPES and others, trading as ALBERT HOOPES & SONS.

*Judgment by Confession—Surprise and Mistake—Setting aside Judgment—Right to prescribe Condition on which Judgment may be Set aside.*

Where a summons was issued in due form and taken by the sheriff to the office of an attorney, who seeing endorsed on the writ the names of parties as defendants, for whom he was counsel, and not knowing that there was a defendant named in the writ for whom he was not counsel, but whose name did not appear on the back of the writ, told the sheriff to return the writ summoned, and that he would appear in the case, and he subsequently entered his appearance, and at the trial term confessed judgment, having no objection to make to the claim, such judgment as to the defendant for whom he was not attorney, will be stricken out, on motion alleging surprise and mistake, after the lapse of the term at which it was rendered.

If, however, on the remand of the case, it should be made to appear that the defendant against whom such judgment was rendered, has confessed judgments in favor of other parties, so that the plaintiffs would be in danger of being deprived of their judgment, the Court may prescribe, as a condition on which the judgment shall be stricken out, that the defendant shall pay into Court a sum of money sufficient to satisfy the plaintiffs' claim in case it should be duly established.

APPEAL from the Circuit Court for Howard County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J., for the appellees, and submitted on brief for the appellant.

*Henry D. Farnandis,* for the appellant.

"The power to set aside judgments upon motion, for fraud, deceit, surprise, or irregularity in obtaining them, is

Heaps *vs.* Hoopes & Sons.

a common law power incident to Courts of record in this State, and was not conferred by the Act of 1787, ch. 9, sec. 6, which is partially, but not fully codified in sec. 38, Art, 75, of the Code."

"In deciding such motions after the term is passed, the Court acts in the exercise of its *quasi* equitable powers, and will therefore properly consider all the facts and circumstances of the case, and require that the party making the application shall appear to have acted in good faith and with ordinary diligence—relief will not be granted where he has knowingly acquiesced in the judgment complained of, or has been guilty of laches or unreasonable delay." *Craig vs. Wroth*, 47 *Md.*, 281, 283.

"It has been repeatedly decided by this Court, that in support of a motion to strike out a judgment after the term at which it was entered has passed, there must be clear and satisfactory proof of fraud, mistake or surprise." *Abell, Garn. vs. Simon*, 49 *Md.*, 318, 322.

"A Court of equity will not restrain the execution of a judgment, unless it shall appear that the complainant had a valid defence of which he could not avail himself at law, or of which he might have availed himself, but was prevented by mistake, surprise or fraud, unmixed with any fault or negligence of his own." *Hill vs. Reifsnider, et al.*, 46 *Md.*, 555, 563.

The cases quoted "establish the rule, that where the process has been regularly served on the party, and he has failed to appear and make his defence, and judgment has been regularly entered against him, a strong case must be presented," &c. *Anderson, Garn. vs. Graff*, 41 *Md.*, 608 ; *Gardiner & Bowling vs. Hardey & Simms*, 12 *G. & J.*, 365.

*Stevenson A. Williams,* and **F. R. Williams*, for the appellees.

The judgment was confessed in due course. and under proceedings entirely regular, by defendant's attorney.

*Present, but took no part in the argument.

By the long-established practice of the Courts of this State whenever the appearance of an attorney is entered of record, it is considered as done by the authority of the party for whom the attorney professes to act, and whatever is done in the progress of the cause by the attorney so appearing is considered as done by the party and is binding upon him. If loss or injury be sustained thereby the attorney must answer in a civil action. *Henck vs. Todhunter,* 7 *H. & J.*, 275 ; *Munnickuyson vs. Dorsett,* 2 *H. & G.*, 378.

The only qualification of this doctrine is found in *Dorsey vs. Kyle,* 30 *Md.*, 520, where, the Court say, there may be cases suggested, however, of fraud or imposition, where it would be proper and indeed necessary for the Court to interpose and relieve a party from the operation of a judgment attempted to be fastened upon him by an unauthorized attorney. See also *Poe's Practice, secs.* 7, 8 *and* 9, and cases there cited.

What is claimed as a hardship upon the appellant has resulted from his own or his attorney's inadvertence, mistake .or , negligence, without fraud, deceit, inducement or contribution, by or from the appellees, directly or indirectly, and he is not entitled to relief as against them. *Anderson vs. Graff,* 41 *Md.*, 601.

The term had elapsed—so had the September term—after the rendition of the judgment, before the motion to strike out was filed.

As to the judgment, *prima facie*, it imports verity, and as to the parties to it, it is conclusive, unless mistake or fraud be shown, and the *onus* is on those who impeach it. *Keighler vs. Savage Manuf'g Co.,* 12 *Md.*, 126 ; *Anders vs. Devries, et al.,* 26 *Md.*, 126.

Where a judgment has been rendered several terms anterior to the motion to strike out, it would be contrary to a long course of established decisions to disturb it without clear and convincing proof of fraud, surprise or

irregularity. *Sarlouis vs. Firemen's Ins. Co.*, 45 *Md.*, 245; *Craig vs. Wroth*, 47 *Md.*, 283.

MILLER, J., delivered the opinion of the Court.

This appeal is from the refusal of the Court below to strike out a judgment after the lapse of the term at which it was rendered. Mr. Stump appeared as attorney for the defendants, and a judgment by confession was entered on the 11th of May, 1885. The motion to strike out was made by the appellant on the 14th of November following, and the ground of the motion is surprise and mistake.

The suit was instituted on the 2nd of January, 1885, by the appellees against the appellant and his three sons, formerly partners trading as "H. H. Heaps & Bros." The cause of action was goods sold and delivered to this firm by the plaintiffs. The summons was issued in due form containing the name of the appellant as one of the partners of the defendant firm, but when folded up it was endorsed "Albert Hoopes & Sons *vs.* H. H. Heaps & Bros." Mr. Stump was one of the trustees under a deed of trust for the benefit of creditors from this latter firm. This deed was executed by the *sons alone* as the partners constituting the firm, and Mr. Stump was *their* counsel, but *had never been* counsel for their father, the appellant. Other suits had been instituted about the same time by other creditors of this firm, in which the sons only were defendants. When the sheriff received the writ in the present case, he took it to the office of Mr. Stump, who examined the endorsement, and seeing it was against "Heaps & Bros.," told the sheriff he might return it summoned and he would appear in the case. The sheriff accordingly returned the writ *"summoned omnes,"* and when the case was called on the appearance docket Mr. Stump entered his appearance, and at the trial term confessed judgment, having no objection to make to the claim.

Heaps *vs.* Hoopes & Sons.

Mr. Stump also further states in his affidavit that he never knew that the appellant was named in the writ, or that the judgment was against him until a few days before the motion to strike out was made ; that the titling of the case on the docket furnished him by the clerk did not disclose the fact that the appellant was a defendant ; that he was attorney for Hugh Henry Heaps and his brothers, doing business under the firm name of "H. H. Heaps & Bros.," and was authorized to appear for them ; that he believed these brothers were the *only members* of that firm and had no knowledge that the plaintiffs made any claim against appellant as a partner or otherwise ; and that he was never spoken to or employed, or in any manner authorized to appear in this case for the appellant.

The appellant in his affidavit says he never was a member of this firm, and never said to the plaintiffs, or either of them, that he was a member, nor in any manner induced them to believe that he was one of the firm or in any manner liable for its debts ; that Mr. Stump was not his attorney in this or any other case, and had no authority to appear for him, and that he had no information that he had appeared for him, or that there was any such case pending in Court until about the 13th of November, 1885. One of the plaintiffs in his affidavit contradicts the statement of the appellant, that he never told either of them that he was such partner, and this affiant avers that the appellant told him that he was a partner of the firm before the plaintiffs agreed to deliver the goods sued for in this case. But we find nothing in the affidavits on the other side or in the record, that casts any reasonable doubt upon the statements of Mr. Stump as to the circumstances under which he entered his appearance and confessed the judgment. The motion to strike out was made promptly after the mistake was discovered. In fact but a few days more than six months elapsed after the rendition of the judgment to the filing of the motion.

The case then is one in which no process was ever served on the defendant, and where the attorney was not only never authorized but never in fact intended to appear for him, and never knew that he had done so. It is quite different therefore from the cases of *Munnickuyson vs. Dorsett,* 2 *H. & G.,* 374, and *Dorsey vs. Kyle,* 30 *Md.,* 512. In those cases, as well as in all others, we have found where the voluntary appearance of an unauthorized attorney has been considered, the attorney knew who was sued, who he was appearing for, and knowingly entered his appearance for such party. Indeed the very terms "voluntary but unauthorized appearance" imply that the attorney acts with knowledge of what he is doing and for whom he is appearing. But in the present case he not only did not know he had appeared for this defendant, but never had a purpose or intent to appear for him. In fact, it is hard to conceive of a clearer case of simple mistake, or of one which the circumstances rendered it more natural for an attorney to make. It was obviously brought about in the first place by the neglect of the clerk to endorse upon the writ the *names of the parties* to be summoned, (which ought always to be done), and in the second place by his like neglect to set out the names of the defendants on the docket of the case, which he furnished to Mr. Stump. It seems to us, therefore, to be a plain case under the terms of the statute, for striking out the judgment as against the appellant, and allowing him a trial upon the merits. True, there was no fault on the part of the plaintiffs, but the appellant is equally innocent, and it is not just that he should, by reason of such a mistake as this, be made to pay a debt for which he avers he is not responsible. He is entitled to have the question of his liability tried and determined.

It was said in argument that he has since confessed judgment in favor of other parties, so that the plaintiffs will be deprived of the benefit of their judgment if they should succeed in maintaining his liability for their claim,

but of this we find no proof in the record. The Court, however, in striking out a judgment, exercises a *quasi* equitable power, and if upon the remand of the case it shall be made to appear that the appellant has confessed judgment in favor of *other creditors of this firm,* or that such other creditors have in the meantime succeeded in their suits in making him responsible as a partner for their claims, it will be competent for the Court, and a proper exercise of its power in such cases, to prescribe as a *condition* upon which this judgment shall be stricken out, that the appellant shall pay into Court a sum of money sufficient to meet it in case the plaintiffs shall succeed in establishing a like responsibility for their claim. This will be doing but simple justice to the plaintiffs, who by no fault on their part, have been deprived of an earlier trial of the real question in dispute, and of their chance of thus obtaining a prior lien.

*Judgment reversed, and*
*cause remanded.*

(Decided 14th March, 1888.)


BRYAN, J., dissented.