## WALTER L. MAIN *vs.* WM. PENN KINZER.

*Appeal from Refusal to Strike Out Judgment—Evidence Not Properly Authenticated.*

Appeal from the Circuit Court for Washington County. *Affirmed.*

An attachment was sued out on October 10th, 1898, and judgment of condemnation (as per schedule) was entered November 15th following. In the short-note case, there was an appearance for the defendant. Pleas were filed February 22nd, 1899, and by leave of Court, additional pleas on the 23rd of February. On November 15th, 1899, a suggestion by the defendant for removal was overruled; on the same day the case was "submitted for trial" and verdict and judgment were rendered for the plaintiff, $500 interest and costs. On December 1st, 1899, a motion was made to strike out the judgment, and from the overruling of this motion the defendant has appealed. The motion sets up as ground for striking out the judgment an alleged agreement between counsel to the effect that there should be a continuance of the case from the February to the November term, and that a day should then be fixed for trial and that the attorney for the plaintiff at the November term failed to comply with the agreement and insisted upon the trial of the case, whereby the defendant and his attorneys were surprised, misled and deceived and forced to trial, at a time when his witnesses were absent.

It was also alleged that the defendant has a just and meritorious defense as appeared by certain affidavits annexed and that but for the surprise and deception as stated, the defendant would have been ready for trial when the case was called. The alleged agreement was not reduced to

writing and the oral testimony taken to support the motion has not been presented to this Court in such a form as enables it to take it into consideration. At the end of the record has been inserted what is alleged was the testimony of Mr. Poffenberger and Mr. Ernest Hoffman. The Clerk of the Circuit Court states in a note inserted after the record of proceedings that it was filed with him " by the counsel for the defendant and at their request, added to the record in the case." It does not purport to be a part of a bill of exceptions, it is not certified to by the Judge, and is not in the form of affidavits filed at the hearing below. There was handed to us at the argument, a paper purporting to bear the signature of Judge Stake ; but conceding that to be correct, it does not appear that there has been any agreement that such paper should be taken as an authentication of the alleged testimouy. The paper itself is vague and inconclusive ; it is therein stated by the Judge that the " testimony of Messrs. Poffenberger and Hoffman as it appears in the printed copy of the record, and on pages 12, 13 and 14 is substantially correct, to the best of my (his) recollection * * except that portion beginning with the words October 20th, 1899, on page 13, to the words Ernest Hoffman on page 14, which I do not recollect." It does not appear at what time, or under what circumstances it was signed. It was not filed in the lower Court, it is addressed " In the Court of Appeals " and was filed therein on the 19th of April, 1900. In the case of *Palmer* v. *Hughes*, 84 Md. 659, the rule was stated to be that a certificate, which is to take the place of a bill of exceptions must be signed within the time applicable to formal bills of exceptions, that is to say, during the term, unless the Court during the term has extended it beyond that period. The rules applicable to the proceedings in this Court of oral testimony taken below in summary proceedings are well settled. In proceedings of that nature, such as motions to quash attachments, or to strike out judgments, the manner of taking proof may be regulated by the consent of parties or directed by the Court, and " when

the motion rests on questions of fact, the evidence ought to be certified in such manner as will show the Appellate Court with certainty, what proofs were submitted to the Court below," that is, "by bills of exceptions, or by an agreed statement of facts, or by depositions taken under the authority of the Court and reduced to form, authenticated and filed in the case," *Coulbourn* v. *Fleming*, 78 Md. 215; *Dumay* v. *Sanchez*, 71 Md. 512.

None of these requirements were followed in this case. The evidence of the motor as to the alleged agreement is not before us on this appeal and cannot be considered by us. There is nothing in the case appearing from the docket entries that shows error in the overruling of the motion to strike out the judgment. The case was at issue when called for trial. The counsel of both parties were present and the case was submitted by them to the Court for trial. The verdict and judgment seem to have been entered in the regular manner; and in the absence of evidence that we can now consider, there is no other alternative than to affirm the ruling.

Opinion by PAGE, J., filed June 15th, 1900.

*Wm. H. A. Hamilton* (with whom was *T. A. Poffenberger* on the brief), for the appellant. *H. Kyd Douglas, Alex. Armstrong* and *Norman B. Scott, Jr.*, for the appellee, submitted the cause on their brief.