# WILLIAM H. TYRRELL *vs.* CHARLES S. HILTON ET AL.

*Mode of Certifying on Appeal Evidence Upon Motion to Strike out Judgment—Terms Upon Which Judgment is Stricken Out—Entry of Judgment by Confession.*

Upon a motion to strike out a judgment, an agreement of counsel was made providing that the proceedings and testimony in an equity cause to restrain execution on the judgment should be used at the hearing of the motion. On appeal from an order striking out the judgment, there was no bill of exceptions in the record, but the agreement of counsel, together with the testimony and proceedings in the equity cause, were duly set out. *Held*, that the evidence, upon which the trial Court acted in disposing of the motion, is sufficiently brought before this Court.

Where there is a motion to strike out a judgment because irregularly entered, the general rule is that if it be stricken out, the lien thereof should be preserved so as to secure the plaintiff from loss in case he afterwards recovers at a trial upon the merits.

Defendants executed a single bill to plaintiff for the payment of a certain sum of money which also set forth : "And we do hereby confess judgment for the above sum with interest and costs of suit." Plaintiff's attorney filed with the clerk of Court the single bill and an agreement for the entry of a judgment signed by him and attorneys for the defendants, and also an order to docket suit and enter judgment. Judgment was accordingly entered and execution issued. Defendants filed a bill in equity to restrain the execution alleging that the single bill had been obtained by fraud. This bill was dismissed and the injunction granted thereon dissolved. Defendants then filed a motion to strike out the judgment because obtained by fraud and because entered without authority, the defendants not having assented thereto or authorized any attorney to do so. *Code*, Art. 26, sec. 6, authorizes a clerk of Court, during recess, to enter a judgment by confession, with the assent of the parties or attorneys in writing, which shall be filed with the titling, *narr.*, cause of action, etc. *Held*, that the judgment in this case was regularly entered under the statute, since the assent to the confession of judgment in the cause of action implies an assent to the entry thereof by the clerk, and it makes no difference that the attorneys who assumed to appear for the defendants were without express authority to do so.

Appeal from the Circuit Court for Harford County (WATERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Stevenson A. Williams* for the appellant:

The judgment in question was validly entered under the Act of 1890, chapter 411, (*Poe's Supplement*, article 26, section 6), by the assent of the defendants in writing, without regard to the intervention of the attorneys. Under the language of that Act, the latter was not necessary when the parties chose to assent without them. The appellees (the defendants in the judgment), *in writing*, and under their hands and seals, have *assented* to the entry of a judgment by confession on their bill obligatory of April 15, 1895. It is true, that assent is contained in the cause of action itself, but this is no objection if it be clear and explicit and within the terms of the authority given. It is not required that the assent be in a separate paper, or given after the maturity of the cause of action, or after the docketing of a suit against the defendants, or in the presence of the clerk. The power is given the clerk of the Court to enter a judgment by confession *upon the assent* of the parties in writing. This they have done in solemn form and in most clear and explicit terms, and in doing so have evidenced the fact that their act was a part of the contract itself, one of the inducements thereto, one without which in all probability the contract itself would not have been accepted. The authority is clear and explicit and sufficient to authorize such acts, not mentioned in the authority, as are the necessary incidents to the entry of a judgment by confession, *e. g.*, the docketing of a suit by consent, without which the judgment could not be entered; or the entry of the personal appearance of the defendants.

Conceding, for the sake of the argument *only*, that the assent of the defendants in writing is not sufficient authority for entering the judgment, the appellant contends that the judgment was regularly entered by the action of Messrs. Lyle & Williams, attorneys, in signing the agreement. The proof shows that these gentlemen knew who was being sued, who they

were appearing for, and voluntarily entered their appearance for the defendants.   *Heaps* v. *Hoopes & Sons*, 68 Md. 383.

It not being the practice in this State to require warrants of attorneys, (*Henck* v. *Todhunter*, 7 H. & J. 277), Messrs. Lyle & Williams might well suppose the confession of judgment contained in the writing obligatory ample to authorize them at the request of the holder of the obligation to appear and assent to the entry of judgment thereon.

As showing the common law practice of allowing the plaintiff to call in an attorney to act for the defendant for the purpose of confessing judgments, the following cases are interesting:  *Osborne* v. *Davis*, 4 Taunton, 797;  *Lee* v. *Thurston*, 1 Chitty, 267.

The purpose for which the motion to strike out the judgment has been granted in each case we have found in the books, has been to permit the defendant to set up his *defense* of which by the entry of the judgment he has been deprived.   In the case at bar, the defendants have had the most ample opportunity to do this in their proceeding in equity, and after full consideration thereof the Court has decided against them and declared that their obligation was valid and subsisting and one to which they must respond.   From this decision there has been no appeal, and as between them and the plaintiff it disposes of their alleged defense forever.   The question of the validity of their obligation has thereby become *res adjudicata.*

For what purpose, then, should the motion to strike out prevail, when, at the hearing of the motion, it is apparent the defendants have no defense ?  Should it be done merely to make other creditors preferred who have since secured their liens with full knowledge of plaintiff's judgment, and therefore cannot be wronged should the judgment stand ?   Or should it be merely for form's sake and plaintiff thereby be made a general creditor ?   The law does not act from such motives.   If the hearing of the motion discloses what is equivalent to a confession of the plaintiff's claim, and during the intervening time which defendants have consumed in making their defense, other creditors have obtained liens with full

notice of plaintiff's lien, the judgment should stand ; or, if
stricken out, it should be done on terms which would secure to
the plaintiff the fruits of a new judgment, which must surely
be rendered in his favor as soon as the cause could be tried,
because the alleged defense has already been overruled. *Heaps*
v. *Hoopes, supra.*

*James J. Archer* (with whom were *Albert Constable* and *Rob-
ert Archer* on the brief ) , for the appellee :

In this record there is nothing, except the order to enter
an appeal, to show that the appellant even took an exception
to action of the Court.    And even if there was, it could not
avail him, unless he had a bill of exception, *signed by the
Judge,* embodying the evidence upon which the Judge acted.
The appellant, therefore, is not in position to ask this Court
to reverse the action of the Circuit Court in this case.

Under the Act of 1890, ch. 411, however clearly the maker
of a note may say, on the face of the paper, that he confesses
judgment, it will be no authority to the clerk to enter a judg-
ment against him.    The Act contemplates that there shall be
not merely *a confession* by the party, but *his assent* that *the
clerk shall enter a judgment upon it.*    It contemplates an ex-
press assent to a specific act.

To justify an entry of judgment upon this note, in recess,
by the Clerk of the Circuit Court for Harford County, some-
thing more is necessary than a statement by the maker on the
face of the note that he, the maker, confesses judgment.    The
Act of 1890 does not authorize a clerk to enter a judgment
in his Court simply because the maker of a note says—not to
him, the clerk—but generally, that he confesses a judgment—
a mere general statement not addressed to any Court or any
clerk, or to Courts or clerks in general.    It nowhere appears
that the makers of this note contemplated any *further act* to
be performed by anybody.    The " assent " mentioned in the
Act is an assent by the party that a clerk shall *enter a judg-
ment* upon the records of his Court.    But the mere statement
by these makers that they confess a judgment is not sufficient

to show that they assented that Mr. Forwood, or the Clerk of
the Circuit Court for Harford County, should enter a judg-
ment against them upon the records of that Court.   Can any
man, looking at the statement on the face of this note, to wit,
a statement by Mr. and Mrs. Hilton that they " hereby con-
fess judgment for the above sum with interest and cost of
suit," say that that means that they assented that the Clerk of
the Circuit Court for Harford County should enter a judgment
for that sum against them upon the record of that Court ?
The most that could be said is, that having made that state-
ment, *they ought to be willing* to give their assent that he should
do so.

*Taylor* v. *Welslager*, 90 Md. 414, disposes of the claim that
the judgment against Mr. and Mrs. Hilton, which the Court
below struck out, can acquire any validity from the fact that
Messrs. Lyle and Williams thought themselves authorized by
the terms of the note given by Mr. and Mrs. Hilton, to enter
an appearance and confess the judgment, and did, as attorneys,
confess it.   Appellant, however, contends that Mr. and Mrs.
Hilton have, *themselves*, by the terms of their obligation to
Tyrrell, " assented in writing " that the Clerk of the Circuit
Court for Harford County should enter a judgment against
them.   But that is clearly a mistake.   And, unless he can
succeed, in the face of *Taylor* v. *Welslager*, in setting up an
authority in Messrs. Lyle and Williams to " assent " to this
judgment, it will be useless for him to recur to the terms of
the obligation signed by Mr. and Mrs. Hilton for an " assent "
*by them* to the clerk's act.   The difficulty which faces Mr.
Tyrrell in this case has probably arisen from his having copied,
inadvertently, the forms used in Pennsylvania in giving what
are called judgment notes, and which forms are found in many
form-books in general circulation.   The prothonotaries of that
State are authorized by the Act of 1806 to enter judgment on
an obligation containing a provision such as is found in this
note.   But the Maryland statute is different in its terms.

Appellant relies a great deal upon *Heaps* v. *Hoopes*, 68 Md.
383, but that case only illustrates the distinction we have been

making. The judgment there was not rendered without jurisdiction—was not a nullity—and therefore the Court could, before exercising its *quasi* equitable power, impose conditions. The judgment had been confessed, in open Court, in a case which had been regularly instituted, by an attorney of the Court, in accordance with the regular course of judicial procedure in that Court, and, though the attorney in confessing judgment had made a *mistake* as to his authority, the judgment was perfectly valid, under the authority of *Henck* v. *Todhunter*, 7 H. &. J., 277, and that class of cases. Still it was liable to be stricken out for surprise or mistake. Whether the Court would strike it out or let it stand, rested entirely upon the discretion of the Court to be exercised upon equitable principles. The Court, therefore, could impose terms upon which only it would exercise its equitable discretion. But here the judgment is void. Suppose the Court should refuse to strike out a judgment which was entered without jurisdiction, or should only do so upon terms, what would be the position of the parties should the defendant refuse to move further? The judgment being void, no execution could issue, or if issued, all serving it would be trespassers. The fact that the Court had refused to strike it out, and that there was no appeal, would not mend the matter. A judgment entered without jurisdiction does not create any necessity for an appeal. *Mayor of Baltimore* v. *Porter*, 18 Md. 301.

PEARCE, J., delivered the opinion of the Court:

This is an appeal from an order of the Circuit Court for Harford County, striking out a judgment entered by confession during the recess of Court. The cause of action is a sealed obligation from the appellees to the appellant for $1,850, dated April 15, 1895, and payable two months after date, containing the following authority for the confession of judgment thereon. " And we do hereby confess judgment for the above sum, with interest and cost of suit." Judgment was entered thereon July 24, 1895, upon filing, with the Clerk of the Circuit Court, a titling of the case, the sealed boligation consti-

tuting the cause of action, and an agreement for the entry of
a judgment for $1,735.39 and costs, signed by S. A. Williams,
attorney for plaintiff, and by Fred. R. Williams and James A.
Lyle, attorneys for defendants, together with an order from
plaintiff's attorney to docket suit as entitled, file the papers
mentioned and enter judgment accordingly, and execution was
issued the same day.    On August 5, 1895, the appellees filed
a bill in equity against the appellant and the sheriff, alleging
that a partnership previously existing between Chas. S. Hil-
ton and Tyrrell, was dissolved April 15, 1895, and that the
obligation given by the appellees to Tyrrell was for the pur-
chase by Hilton of Tyrrell's interest in the partnership, and
that Tyrrell, by means of false and fraudulent statements as
to the assets and liabilities of the firm, caused Hilton to be-
lieve that one-half of the net assets over and above all liabili-
ties amounted to the sum of $1,850, and thereby induced him
to execute and deliver the obligation in question ; whereas the
one-half of said net assets, as he had recently discovered, was
very much less than $1,850, and that after crediting certain
payments on the obligation admitted by Tyrrell, there was but
$392.72 due thereon, which had been tendered to the sheriff
and had been refused, and which they now tendered themselves
ready to pay or bring into Court, and they also charged that
the judgment was confessed without authority from them, and
without their assent, and that they had no knowledge of its
entry until notified of the execution by the making of the
levy.    The bill prayed for surrender of the note and satisfac-
tion of the judgment upon payment of $392.72, for an injunc-
tion to restrain sale by the sheriff, and for general relief.

Tyrrell answered denying all fraud and misrepresentation,
and alleging that Hilton, with full knowlege of the condi-
tion of the firm and of the value of the assets, purchased his
interest for the amount of the obligation.    The injunction was
granted, but for some unexplained reason the testimony was
not concluded until late in 1898 or early in 1899, and on De-
cember 14, 1899, the bill was dismissed, the Court holding
that the proof did not warrant any relief prayed, but saying

it had no doubt "the judgment was entered without jurisdiction and was void from the beginning;" and suggested that if complainants were liable to suffer any wrong, relief could be obtained on proper application in the Court in which the judgment was entered. Thereupon, on January 23, 1900, this motion was filed in that Court to strike out the judgment: 1st, because it was obtained by fraud, deceit, surprise and irregularity; 2nd, because it was entered without any authority of law, they having neither assented thereto themselves, nor having authorized any attorney to do so; and, 3rd, because at the time it was entered, they had and still have a good and *bona fide* defense thereto, of which they were deprived by the unauthorized entry of judgment, and which they promptly asserted in the equity proceedings mentioned. This motion was heard upon "an agreement (in writing) as to facts and testimony" which provided that the testimony of certain named witnesses taken in the equity proceedings, together with the bill, answer, opinion and decree of Court in that case "should be used and considered as evidence at the hearing of the motion." At the hearing upon this "agreement as to facts and testimony," the judgment was stricken out, and hence this appeal. No appeal is shown by the record to have been taken from the decree in equity.

The appellee's first contention is that there is no such record of the proceedings in the Court below as will enable this Court to review its action, because there is no bill of exceptions embodying the facts, without which this Court cannot be put in possession of the evidence and of the action of the lower Court thereon. No authorities for this position are found on the brief, but we were referred at the argument to several, none of which, in our opinion, sustain the position taken. Every paper specified in the agreement, and the full testimony from the equity case of every witness named in the agreement, is set out at length and duly certified by the clerk immediately under the agreement, and these matters are to all intents and purposes made a part of the agreement. It was clearly only a matter of convenience to counsel that they were not actually

incorporated in the agreement so as to precede, instead of following their signatures, and the clerk, therefore, properly certified that the record transmitted was a "full, true and complete transcript of the proceedings in the above-entitled case *as agreed* upon between the counsel for plaintiff and defendants," and the authorities amply sustain this method of presenting the testimony in cases like the present.

In *Dumay* v. *Sanchez & Gibson*, 71 Md. 508, JUDGE ALVEY says: "The practice in this State is well settled as to the manner of presenting cases on appeal from rulings on summary motions to quash, or to set aside process. As in all other cases where extrinsic evidence is introduced at the trial, the facts must be properly presented in some authenticated form, and the mode of presenting them is either by bill of exceptions, or by agreed statement of facts; or by depositions taken under the authority of the Court, and reduced to form and authenticated and filed in the cause," and he cites numerous illustrations of each method.

In *Fleming* v. *Coulbourn*, 78 Md. 215, which was a motion to strike out judgment, there was no bill of exceptions, and JUDGE BRYAN said: "In this State, according to a long-established practice, it is not obligatory to take a bill of exceptions in summary proceedings before the Court, such as motions to quash attachments, to strike out judgments and such like matters ＊　＊　＊　＊. In the present case the transcript of the record contains a statement of evidence, which by written agreement filed in the cause counsel admit was given at the hearing of the motion to strike out the judgment, and if we understand the agreement was approved by the Court as correct." And in *Main* v. *Kinzer*, 91 Md. 760, *Coulbourn* v. *Fleming*, was considered and confirmed. We cannot, therefore, refuse to consider the appeal.

If this judgment was entered " without jurisdiction and is void from the beginning," as was held below, it must be stricken out. *Freeman on Judgments*, sec. 98, and cases there cited. But in such cases the rule seems to have been established that the lien will be preserved to secure the plaintiff from loss,

should he afterwards recover at a trial on the merits. *Freeman on Judgments*, sec. 499 ; *Page* v. *Wallace*, 87 Ill. 84; *Grazebrook* v. *McCreedie*, 9 Wendell, 437; *Ellsworth* v. *Campbell*, 31 Barb. 137. In the case last mentioned, the rule is thus stated : " The course to be pursued in such cases is one which will prevent all possible injury to the defendant, and at the same time save the plaintiff from harm.   This can be done by preserving the lien which the plaintiff has acquired by the judgment, and giving the defendant an opportunity to plead, if he has any plea to make, to the merits." In that case no process was served, and appearance was entered for two defendants upon authority from one only, and the judgment was held void as to the other party.   This case closely resembles *Heaps* v. *Hoopes*, 68 Md. 383, where, without any service of process, voluntary appearance was entered for all the defendants, the attorney being duly authorized by two, and not knowing there was a third defendant.   The judgment was stricken out as to that one, and in remanding the cause, it was suggested to the Circuit Court that if upon the remand, it should appear that subsequent liens had been obtained against the defendant, he should be required as a condition to relief, to pay into Court a sum sufficient to secure the judgment in event of the establishment of a right to its amount, saying, " this will be doing but simple justice to the plaintiffs, who, by no fault on their part, have been deprived of an earlier trial of the real question in dispute, and of their chance of thus obtaining a prior lien."

In the case we are considering, a subsequent mortgage for $3,000 was taken by Robert Archer, with knowledge of this judgment, and in reliance upon its supposed invalidity, and if this judgment is stricken out without any conditions, gross injustice might be done the plaintiff, who would thus be delayed in obtaining his lien more than five years after it was supposed to have been obtained.   The requirement to pay into Court so large a sum of money, would be a far more onerous condition than the retention of the lien, which we think more just and equitable.   The case of *Heaps* v. *Hoopes*, was approved in

*Coulbourn* v. *Fleming, supra,* where a judgment by default against a non-resident was stricken out for want of service, but upon condition only that he would enter an appearance that the case might proceed to trial in the regular way. Should the present judgment be stricken out without the imposition of any terms, it is possible the claim might be defeated by limitations. If, therefore, we should strike out this judgment as void, we should do so only upon terms which would preserve the cause of action as well as the lien of the plaintiff. In the absence of authority, it might seem an anomaly to speak of preserving a lien acquired by a judgment declared to be a nullity, but the authorities we have cited are clear that in just such cases that course has been pronounced the proper course.

We do not, however, regard this judgment as void, for reasons which we will proceed to state. It was entered during the recess of Court under the provisions of sec. 6, Art. 26 of the Code, which is as follows: " The clerk of any Court in this State may, during the recess of said Court, enter a judgment by confession, with the assent of the parties or attorneys, in writing, which shall be filed with the titling, *narr.,* cause of action, and other papers, in the case in which said judgment was entered; and a judgment so entered shall, from the date of the entry of the same by the clerk, have the same effect as if entered during the session of the Court." This is a very plain and simple act, the outgrowth and development of the constant tendency of law, to simplify procedure, both in pleading and practice. The ancient common law required the parties to be present and prosecute, or defend, in person. Special authority from the Crown was originally necessary to enable parties to appear by attorney, though subsequent statutes recognized a *right* so to appear ; but this right was a mere privilege, for the convenience of suitors, and did not exclude the right to sue or defend in person. At common law, attorneys were either orally appointed in Court, or by warrant out of Court, and the practice required the warrant to be filed in Court, but in this State the practice has never required a warrant of attorney to authorize the appearance of a defendant by

attorney, and the rules of practice in England in relation to that subject, are not applicable to the proceedings of the Courts of this State. *Henck* v. *Todhunter*, 7 H. & J. 277.

Sec. 6, of Art. 26 of the Code of 1888, provided that any Judge, in the recess of his Court, may order his clerk to enter a judgment by confession, with the assent of the parties, or their attorneys in writing, which shall be filed with the order of the Judge. The Act of 1890, ch. 411, repealed this section and re-enacted it as it appears in *Poe's Supplement* as hereinbefore set forth. Under this Act, the order, as well as the presence of the Judge is dispensed with, and full authority is given the clerk to enter judgment upon compliance by the parties with the requirements of the Act. These requirements are that the assent of the parties or attorneys, in writing be filed with the titling, *narr.*, cause of action and any other papers in the case. A proper titling, *narr.*, and cause of action has been filed, but it is contended by the appellees that no assent of the appellees or their attorneys has been filed : 1st, because the attorneys who assumed to appear for them, were without authority to do so ; and 2nd, because there is no proper and legal assent signed by the appellees themselves. Considering first the second reason, it is contended by the appellees that the assent required by the statute is not to the *confessing of judgment*, but to the act of the clerk in *entering the confession of judgment*, and that to authorize the clerk to make such entry, there must be specific authority directed to him as clerk. In order to test this position, let us suppose that the papers upon which this judgment was entered, had been submitted, prior to the Act of 1890, to the Judge of the Court, and that the Judge had ordered his clerk to enter it, and that after such entry, it was moved to strike the judgment out on the grounds here taken. Let us further suppose that the Judge was satisfied by the proof, that the appellees' attorneys were not authorized to appear, and that such unauthorized appearance was not binding on the appellees and did not require them to look to the attorneys for their remedy. The judgment, we think, would still be valid. The assent of the

plaintiff is evidenced by his attorney's signature, whose authority is unquestioned, and the assent of the defendants is evidenced by their own signature attached to the obligation, which in express terms, embraces their assent. There is no substantial distinction between *confessing judgment*, and *entering judgment by confession*. This is so upon plain principle, and it was so held in *Mason* v. *Smith*, 8 Ind. 73, where under a statute authorizing the clerk to enter judgments confessed by attorneys, the warrant filed, authorized the attorney to *enter* judgment instead of to *confess judgment*, and on motion to vacate, it was held there was no difference, and the judgment should stand. The assent required may be by means of the proper signatures of both parties, or by the signatures of the attorneys of both, or by the proper signature of one party, and the signature of the attorney of the other. The parties having, by any legal means, given their assent to the confession of the judgment, and the other necessary papers being filed with such assent, the authority of the clerk to enter the judgment is derived not from the parties, but from the statute. We cannot doubt that any Judge having ordered to be entered a judgment under the circumstances we have supposed, would refuse to vacate it upon the grounds urged here. The clerk, though not a judicial officer, is authorized under the Act of 1890, to enter any judgment, which, under the Code of 1888, the Judge was authorized to order him to enter; and when so entered by the clerk, it must necessarily have the same validity, as if entered upon the order of the Judge.

Such statutes, it is true, being in derogation of the common law practice, must be strictly construed, but not with such strictness as to make them inoperative, or to defeat the manifest intention of the parties to the instrument authorizing the confession. This rule, like all others, has its reasonable limitations, and under the construction we have placed upon this statute and this instrument, we think there was no want of jurisdiction and it was error to strike out the judgment. In view of this conclusion it will be unnecessary to consider the other ground of objection. The peculiar manner in which

the proof in this case is presented through the equity pro-
ceedings already mentioned, justifies us in prolonging this
opinion to observe, that where there is jurisdiction to enter a
judgment, the defendant, who seeks to have it vacated must
show that he has a meritorious defense of which he has been
deprived under circumstances which make it inequitable for
the plaintiff to enforce the judgment ; *Freeman on Judgments*,
sec. 498; and here the opinion and decree of the Court, from
which no appeal is shown by the record to have been taken,
has determined that the appellee has no defense of which
equity could take cognizance.   In *English's Appeal*, 119 Pa.
St. 533, it was held that a judgment entered by confession
should not be opened " unless overcome by testimony which
would move a Chancellor to decree that the writing is void, or
should be reformed because of forgery, fraud or mutual mis-
take, though the parties thereto so testify, that it is difficult to
avoid belief that one or the other has committed perjury," and
the opinion of the learned Judge who passed the decree in the
equity branch of this case, shows that he recognized and acted
upon these sound principles.

   For the reasons assigned, the order striking out the judg-
ment will be reversed, and the cause will be remanded.

*Order reversed, with costs to appellant
above and below, and cause remanded.*