# WOLF CORNBLATT
## *vs.*
# BENJAMIN BLOCK.

*Demurrer: not a plea. Pleading and practice: Baltimore Rule Day Act; judgment by default for want of plea; extension of time for filing; filing a demurrer not a compliance; assessment of dagames by court.*

A demurrer may in a sense be a pleading, but it is not a plea.
p. 49

Where suit is brought under the Baltimore City Rule Day Act, and judgment by default is obtained for want of pleas filed within the prescribed time, if the judgment is stricken out and the time extended for the defendant to file pleas, this does not include the right to file a demurrer to the declaration.
p. 49

The court, in striking out a judgment by default for want of pleas filed within the proper time, has the right to limit the defenses to be interposed by the defendant to such as may be presented by pleas.                                      pp. 49, 50

Under the Baltimore City Rule Day Act, where the defendant on a judgment by default fails to file a motion for a jury trial under section 314 (of the city charter), the court may assess the damages and extend the judgment by default.    p. 51

A case was brought under the Baltimore City Rule Day Act, and a judgment by default obtained for lack of the filing of proper pleas; judgment was stricken out and the time for filing pleas extended for five days; the defendant demurred to the declaration and resisted the plaintiff's motion for a judgment by default and an execution upon the same: *Held*, that this was a trial of the case within the meaning of section 315 of the Baltimore City Charter, and the court was authorized to allow the plaintiff a reasonable counsel fee, as provided in that section.
p. 55

*Decided January 15th, 1918.*

Appeal from the Baltimore City Court. (Heuisler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Stockbridge and Constable, JJ.

*Charles Jackson,* for the appellant.

*William B. Smith* and *James G. Phillips* submitted a brief for the appellee.

Thomas, J., delivered the opinion of the Court.

Benjamin Bloch leased to Isaac Cluster the premises known as No. 2933 O'Donnell street, in Baltimore City, and certain personal property described in the lease, for the term of ten years, commencing on the 5th of February, 1911, "at and for the yearly rent of" $1,000.00, and on the 5th of June, 1914, the lessee assigned the remainder of the term to Wolf Cornblatt, who entered into an agreement under seal to pay the rent reserved in accordance with the terms of the lease.

This suit was brought by Bloch against Cornblatt in the Baltimore City Court under the Rule Day Act to recover rent due under the lease, and on the 25th of April, 1917, on motion of the plaintiff, a judgment by default "for want of plea and affidavit of defense" was entered in the case, which judgment was on the same day extended by the Court (Judge Heuisler) for $892.49 and costs of suit. On the 10th of May following Harry B. Wolf, Esquire, who was at that time defendant's attorney, filed in the case the following order of plaintiff's attorney and order of Court:

> "Mr. Clerk: Please strike out the judgment in the above entitled case, with leave to the defendant to file pleas within five days.
>
> "William B. Smith,
> "Attorney for Plaintiff."

"Ordered this 10th day of May, 1917, upon the motion of attorney for the plaintiff, that the judgment in the above entitled cause be and the same is hereby stricken out, with leave to the defendant to file pleas within five days.

"Robt. F. Stanton."

These orders were written on the stationery of Harry B. Wolf, Esquire, and were endorsed as follows:

"Consent of plaintiff and order to strike out judgment—Mr. Clerk: Please file.

"Attorney for Defendant.
"Harry B. Wolf,
Attorney-at-Law,
Baltimore, Md."

On the 14th of May, 1917, the appearance of Jackson and Jackson was entered in the case as attorneys for the defendant, and on the same day they filed an "election for a jury trial;" entered a demurrer to the declaration, and obtained from the Court (JUDGE HEUISLER) an order extending the time for filing pleas to fifteen days after "the final determination of the matters and things raised by the demurrer." A copy of the demurrer having been served on counsel for the plaintiff, he promptly filed a petition stating that he had consented to the striking out of the judgment for $892.49, with leave to the defendant to file pleas within five days, upon the representation of Harry B. Wolf, attorney for the defendant, that he had forgotten to file pleas within the time required by law; that the Court had accordingly passed the order of May 10th striking out the judgment with leave to the defendant to file pleas within five days; that the time within which the pleas were to be filed in accordance with said agreement and order of Court had expired, and praying that a judgment by default for want of pleas and affidavit of defense be entered in the case. Upon this petition the Court on the 22nd of May, 1917, passed an order that judgment by

default in the case be extended for the sum of $892.49 and costs of suit, unless cause to the contrary be shown on or before the 25th of May, 1917, provided a copy of the order be served on the defendant's attorney on or before the 23rd day of May. The defendant answered the plaintiff's petition and alleged as the reason why the prayer of the petition should not be granted, that he had filed his demurrer to the declaration and obtained the order of Court of the 14th of May extending the itme to file pleas before the expiration of the five days in which he was allowed to plead by the order of May 10th. Affidavits were filed by the plaintiff and defendant and by counsel for the plaintiff and defendant, and after a hearing the Court (JUDGE HEUISLER) on the 14th of June, 1917, passed the following order:

"The motion of plaintiff for a judgment by default for want of pleas and affidavit of defense, in accordance with agreement of counsel and order of court of May 10th, 1917, and the answer of defendant to the *nisi* order on said motion, having come on for a hearing, the proceedings, the affidavits filed by the respective parties, the corroboration made in open court by Harry B. Wolf of the statement made by plaintiff's counsel, in so far as his relation to this case was concerned, having been read and considered, and, after argument of counsel, it appearing to the satisfaction of the court that the plaintiff and defendant definitely agreed to settle this case for the sum of $400.00, and that said agreed settlement ought to be effectuated; and it further appearing that the order passed herein on the 14th day of May, 1917, purporting to extend the time for filing pleas was passed by the court inadvertently and without knowledge of the aforesaid agreement of counsel, whereby pleas were required to be filed within five days, it is this 14th day of June, 1917, ordered by the Baltimore City Court that the said order passed herein on the 14th day of May, 1917, be and the same is hereby rescinded; and it is further ordered that the judgment by default in this

case be extended for $892.49 damages assessed by the court and costs of the suit, and that the defendant pay the plaintiff a counsel fee of $50.00; and it is further ordered that the plaintiff file a *remittitur* for the sum of $492.49 immediately upon the extension of said judgment of $892.49.

"Chas. W. Heuisler."

The docket entries show that in accordance with said order, judgment by default in the case was extended for the sum of $892.49 and costs of suit on the 14th of June, 1917; that a counsel fee of $50.00 was awarded to plaintiff's attorney, and that the plaintiff filed a remittitur of $492.49. The defendant then filed a motion in writing to rescind said order of June 14th and to strike out the judgment entered in accordance therewith, but the Court overruled the motion, whereupon the defendant filed the order for this appeal.

The contentions of the appellant are (1) that the judgment of April 25th, 1917, having been striken out with leave to the defendant to file pleas within five days, he had a right to file a demurrer within that time; (2) that before the expiration of five days in which he was allowed to plead, he obtained the order of May 14th extending the time for filing pleas, and a judgment by default for want of a plea could not therefore be entered until after the expiration of the time mentioned in said order of May 14th, and (3) that under the 28th Rule of Court, which provides: "No agreement between parties or their counsel in relation to proceedings in the cause shall be binding, unless reduced to writing and signed by the party to be charged therewith or his counsel, unless the same shall be made in open Court," the Court below had no authority to consider the statements of the parties or their counsel in reference to an agreement to settle the case.

The answer to the first and second contentions of the appellant must depend upon the proper construction of the order of plaintiff's counsel and order of Court of May 10th.

which were obtained and filed by counsel for the defendant. The judgment of April 25th was stricken out upon the order of plaintiff's counsel to the clerk of the Court, and the order of JUDGE STANTON passed thereon, *upon the application of counsel for the defendant.* By these orders the defendant was granted "leave * * * to file pleas within five days." A demurrer is not mentioned in the order of plaintiff's counsel or the order of Court, but the consent of the plaintiff and the leave granted by the Court were expressly limited to the filing of pleas. In the case of *Baltimore City* v. *Thomas,* 115 Md. 212, CHIEF JUDGE BOYD, speaking for this Court, said: "A demurrer may in a sense be a *pleading,* but it is not a *plea.*" Giving the terms employed their ordinary meaning, it would seem clear that the right granted the defendant to file *pleas* within five days did not include the right to enter a demurrer to the declaration. This view of the orders referred to is strengtened by consideration of the circumstances under which they were obtained. Counsel for the plaintiff stated that Mr. Wolf, counsel for the defendant, told him that he had prepared his pleas but had forgotten to file them, and that that was the reason why he, Mr. Wolf, wanted him to consent to the judgment being stricken out, while Mr. Wolf stated: "I was attorney for Mr. Cornblatt and had inadvertently overlooked the matter. My attention was called to the judgment by default, and on May 10th, 1917, I succeeded in having plaintiff's attorney sign a motion, which I prepared and filed, to strike out said judgment by default, with the understanding that I was to file pleas and affidavit of defense on behalf of defendant in five days from the 10th day of May, 1917."

The power of the Court, in striking out a judgment, to limit the defenses to be interposed by the defendant to such as may be presented by pleas, is well established. It is said in 2 *Poe's P. & P.,* sec. 396: "The Court, in striking out a judgment, may impose terms * * * for example, that the defendant shall not plead limitations," and the cases of *Mer-*

*rick* v. *B. & O. R. R. Co.*, 33 Md. 485; *Heaps* v. *Hoopes,* 68 Md. 383; *Coulbourn* v. *Fleming,* 78 Md. 210 and *Tyrrell* v. *Hilton,* 92 Md. 176, furnish illustrations of the exercise of this power.    Section 315A of the Code of Public Local Laws, Article 4, title "City of Baltimore," as enacted by the Act of 1914, Chapter 107, provides: "If judgment be entered against any defendant for failure to appear and plead, or failure to file a sufficient plea, affidavit or certificate of counsel, under the four preceding sections, the Court in which said judgment has been rendered may, upon motion filed by the defendant within thirty days after entry thereof, strike out the same and reinstate such case with leave to such defendant to file pleas, affidavit and certificate of counsel, or amend his pleas, affidavit and certificate of counsel already filed, within not exceeding ten days thereafter, whenever the Court shall be of the opinion that the interests of justice will be promoted by striking out such judgment and so reinstating such case, although sufficient grounds for striking out such judgment for fraud, deceit, irregularities or such other grounds as would have sufficed before the enactment of this section may not be present; provided, however, that the Court granting such order may require as a condition thereto, that the defendant give bond with approved security for the payment of any judgment finally recovered against him in such case in such penalty as may be prescribed by the Court, and that the defendant pay the costs so far incurred in said case, or any other conditions which the Court may deem proper."

The order of May 10th was passed by JUDGE STANTON, and JUDGE HEUISLER states in his order of June 14th that the order of May 14th, extending the time for filing pleas was passed by the Court "inadvertently and without knowledge" of the terms upon which the judgment of April 25th was stricken out.    As the defendant had no right under the order of May 10th to interpose a demurrer to the declaration, and as the order extending the time to file pleas was passed by the Court without knowledge of the terms imposed

by the order of May 10th, we think the order of May 14th granting such extension of time to file pleas was properly rescinded, and as the defendant had failed to file *pleas* within the time allowed by the order of May 10th, 1917, the plaintiff was entitled to a judgment by default.

Section 314 of the *Rule Day Act,* now incorporated in the Baltimore City Charter, provides: "When any judgment by default shall be entered under any of the preceding sections, the Court may assess the damages on proof thereof without empanelling a jury to do so, unless the defendant shall have filed a motion in writing before the entry of such default for a jury trial, and shall have stated in such motion how much of the plaintiff's demand is disputed, and how much thereof, if any, is admitted by such defendant to be due, and in such case the plaintiff may forthwith have judgment entered up for the amount so admitted, as provided in the preceding section." and section 315A above referred to further provides: "and if any defendant who has been given leave to file pleas, affidavit or certificate, or to amend those already filed, under this section, shall fail to file a sufficient plea, affidavit or certificate of counsel, or to amend those already filed, so as to be sufficient within the time so limited, then the plaintiff shall be entitled to final entry of judgment on motion therefor, in the same manner as for failure to file a sufficient plea, affidavit or certificate within the time originally limited under the preceding sections." The defendant having failed to file a motion for a jury trial in accordance with the provisions of section 314, the Court was authorized to assess the damages and to extend the judgment by default.

If the contention of the appellant that the Court had no right under the 28th Rule of Court to consider the statements of the parties or their counsel in reference to an agreement to settle the case refers to the action of the Court on the motion of the plaintiff for a judgment by default for want of pleas, it is disposed of by what we have already said in regard to the plaintiff's right to a judgment by default

under the terms of the order of May 10th. On the other
hand, if it relates to the extension of the judgment by default
by the Court, it would seem only necessary to say that there
is no bills of exceptions in the case containing the evidence
upon which the Court assessed the damages, or an exception
to the sufficiency of that evidence or to the admissibility of
any part of it. The record does contain a long certificate
signed by the Court, and among other things therein is the
following statement: "That on the 26th of May, 1917, the
attorneys representing both the plaintiff and the defendant
were directed to appear in this Court and to argue the said
motion of the plaintiff of the 22nd day of May, 1917, and the
answer thereto, and on the 26th of May, 1917, at the hearing
of said motion (motion of plaintiff for judgment by default)
and answer, the attorney for the plaintiff made statements re-
garding an alleged agreement made by said plaintiff's attor-
ney and the defendant in settlement of the litigation, where-
upon the defendant's attorney there and then denied that such
an agreement had been entered into; thereupon this Court
ordered and directed the clerk of the Court to summons Wolf
Cornblatt and Harry B. Wolf to testify regarding said alleged
agreement, to which the attorneys for the defendant objected,
but said objection was overruled by this Court, and the hear-
ing of this motion was thereupon continued for the 2nd day
of June, 1917." The certificate of Court, after setting out the
statement of Harry B. Wolf, Esq., which we have already
quoted above and which was made before the Court on June 2,
1917, contains the further statement: "that this Court there-
upon on June 2, 1917, ordered the attorneys for both plaintiff
and defendant to file an 'agreed statement of facts' and fur-
ther ordered that the plaintiff and defendant furnish state-
ments under their respective affidavits, concerning the con-
tentions raised by the statements made by plaintiff's attor-
ney; that the attorneys for the defendant objected to any
informal inquiry into the merits of the case or to the matter
alleged in said motion, but the Court overruled said objec-

tion, to which ruling the defendant's attorney excepted."
The certificate of Court then states that on the 14th day of
June, 1917, the Court passed an order rescinding its order
of May 14th, 1917, and thereupon extended judgment for
the plaintiff for the sum of $892.49, with costs of suit, and
ordered defendant to pay plaintiff's counsel a fee of $50.00,
and ordered the plaintiff to remit the sum of $492.49. There
is nothing in this certificate of the Court to indicate what
evidence was before the Court in support of the plaintiff's
claim for $880.90, with interest from February 5th, 1917.
The original judgment of April 25th, 1917, was extended by
the order of JUDGE HEUISLER, who stated therein that the
judgment was extended "upon legal and satisfactory proof
of the correctness and amount of the claim for which the suit
was brought." If the same proof was before the Court when
it passed the order of June 14th, 1917, it would seem that
any consideration by the Court of the statements of counsel
or of the parties in reference to an agreement to settle the
case resulted in a benefit to the defendant, as the order of that
date required the plaintiff to file a remuttitur of $492.49.
The judgment by default determined the plaintiff's right to
recover in the case, and there is nothing in the record to
show that the damages were not properly assessed by the
Court. In the case of *Norris* v. *Wrenschall,* 34 Md. 492,
JUDGE MILLER, speaking for the Court, said: "The power of
the Court, after judgment by default, to assess the damages
on proof, with empannelling a jury, is conferred by the
ninth section of the Act of 1864, Ch. 6, as well as by the
Act of 1864, Ch. 175. The amount of damages thus assessed
is not open for revision in this Court on appeal from the
judgment, when no exception on that ground has been taken,
unless they exceed, as they do not in this case, the amount
claimed in the declaration." See also *Horwitz* v. *Davis,* 16
Md. 313.

The only remaining question to be considered is the pro-
priety of the order of the Court requiring the defendant to

pay plaintiff a counsel fee of $50.00, assuming that that question is presented by the present appeal. Section 315 of the Baltimore City Charter, Chapter 123 of the Act of 1898, provides: "If the defendant shall dispute the whole or any part of the plaintiff's demand in any action brought under the provisions of the three foregoing sections, and upon trial of the case the plaintiff shall recover a judgment for any portion of his demand so disputed, then the plaintiff shall be allowed, in addition to the costs of the suit, reasonable counsel fees, to be fixed by the Court, said fees not to be less than twenty-five dollars nor more than one hundred dollars." In the case of *Singer* v. *Fidelity & Deposit Co.*, 96 Md. 221, this Court held that a counsel fee allowed under that section was not a part of the costs in the case, but that it was so far "an incident to the judgment" in the case that when the judgment was reversed the allowance of the fee should fall with it. In the case of *Hammond* v. *American Express Co.*, 107 Md. 295, the declaration was demurred to and the demurrer was overruled and the defendants then filed four pleas. The plaintiff joined issue on the first and second pleas and demurred to the third and fourth pleas. The demurrer was sustained. The defendants then withdrew their first and second pleas and the plaintiff took judgment against them by default for want of pleas, and the judgment having been extended the defendants appealed. The Court below, acting under the authority conferred by the section we have quoted, allowed plaintiff a counsel fee of $50.00. In disposing of that feature of the case this Court said: "We see no error in the allowance of this fee. No issue of fact was made up and heard in the case, it is true, but the real controversy between the parties was disposed of upon the issue of law made by the demurrers which were argued by counsel and determined by the Court. The fact that at the end of the proceedings the defendants withdrew their pleas and allowed judgment by default to go against them did not deprive the case of its controversial character. The defend-

ants disputed the plaintiff's claim and forced its counsel to try the issues arising from the dispute. It is not material that the pleadings resulted in issues of law upon which the defendants elected to make their final stand in the Court below. There was in our opinion a 'trial of the case' within the meaning of the law." In the still later case of *Mut. Life Ins. Co.* v. *Murray,* 111 Md. 600, this Court held that the plaintiff not having filed with his declaration the obligation on which the defendant was indebted, he was not entitled to a counsel fee upon recovering a judgment for the amount claimed. In the case at bar no pleas were filed, and we have said that under the terms of the order striking out the original judgment the defendant had no right to interpose a demurrer, but the defendant did file a demurrer to the declaration and resisted the plaintiff's motion for a judgment by default and for an extension of that judgment. Affidavits were filed by the parties and counsel, and the case was argued by counsel, and we think upon the reasoning of the case of *Hammond* v. *American Express Co., supra,* there was a "trial of the case" within the meaning of the section of the law referred to, and that the Court was authorized to allow plaintiff a reasonable counsel fee.

It follows from what has been said that the order of the Court below overruling the motion of the defendant to strike out the judgment of June 14th, 1917, must be affirmed.

*Order affirmed, with costs.*